612 So.2d 787 (1992)
HOUSTON GENERAL INSURANCE COMPANY
v.
COMMERCIAL UNION INSURANCE COMPANY, Terrebonne Parish Consolidated Government and Rietta D. Hart.
No. 91 CA 2106.
Court of Appeal of Louisiana, First Circuit.
December 23, 1992.
Writ Denied March 19, 1993.
Roch P. Poelman, New Orleans, for plaintiff and appellant, Houston General Ins. Co.
Thomas E. Loehn, New Orleans, for defendant and appellees, Commercial Union Ins. Co. et al.
Cleveland J. Marcel, Jr., Houma, for Julien Bruce III and Wanda Bruce.
*788 Before CARTER and LeBLANC, JJ., and CHIASSON,[1] J. Pro Tem.
CARTER, Judge.
This is an appeal from a trial court judgment dismissing a worker's compensation carrier's suit on the basis of prescription.

FACTS
On April 5, 1988, during the course and scope of his employment, Julian A. Bruce, III was involved in an automobile accident with Rietta D. Hart at the intersection of Aycock Street and Highway 3040 in Houma, Louisiana. At the time of the accident, Bruce was employed by J & D Inspections Services, Inc. ("J & D"), who had a worker's compensation policy with Houston General Insurance Company ("Houston General"). J & D advised Houston General of the accident. Thereafter, Houston General made worker's compensation and medical payments to Bruce.
On June 29, 1988, Bruce filed suit against Hart, her employer Terrebonne Parish Consolidated Government, and its insurer Commercial Union Insurance Company ("Commercial Union") for damages suffered as a result of the accident. On January 10, 1990, Bruce settled his claims against Hart, Terrebonne Consolidated Government, and Commercial Union. Thereafter, on January 18, 1990, Bruce voluntarily dismissed his suit against these defendants with prejudice.
On December 19, 1990, Houston General filed the instant suit against Hart, Terrebonne Parish Consolidated Government, and Commercial Union. Houston General then amended its petition on May 9, 1991, adding Bruce as a defendant.
Both Houston General and Commercial Union filed motions for summary judgment. After a hearing on June 28, 1991, the court asked counsel for additional memoranda regarding the issue of prescription, which had been raised in the original pleadings.[2]
On August 1, 1991, the trial court rendered judgment dismissing Houston General's suit on the basis of prescription, citing LSA-C.C. art. 3463. From this judgment, Houston General appeals contending that the trial court erred in its application of LSA-C.C. art. 3463.

PRESCRIPTION
Houston General contends that the trial court erred in dismissing its claims on the issue of prescription. Houston General reasons that the timely filing of Bruce's suit interrupted prescription as to its claims, that the interruption continued until Bruce's suit was dismissed on January 18, 1990, and that it had one year from that date in which to file its suit. Accordingly, Houston General reasons that its suit, which was filed on December 19, 1990, was timely.
In dismissing Houston General's suit, the trial court determined that since Bruce's suit was voluntarily dismissed with prejudice, LSA-C.C. art. 3463 required that the interruption caused by the filing of Bruce's suit be considered as never to have occurred. Because more than one year had elapsed between the date of the accident and the filing of the suit by Houston General, Houston General's claim had prescribed.
In Louviere v. Shell Oil Co., 440 So.2d 93, 95 (La.1983), the Louisiana Supreme Court stated:
The filing by one party of a suit to recover his damages usually does not affect the running of prescription against other parties who sustained separate damages in the same accident. However, a timely petition by an employer's workmen's compensation insurer, seeking recovery of compensation benefits paid to an injured employee against a tortfeasor who caused the injury to the employee, interrupts prescription, thereby permitting the employee to file an action for his own damages after the *789 anniversary date of the accident. The reason is that there is only one principal cause of action, and the compensation insurer is asserting part of the employee's cause of action, because the insurer has paid part of the employee's damages and is entitled to recover to the extent of those payments as partial subrogee.
A cause of action consists of the material facts which form the basis of the right claimed by the party bringing the action. Louviere v. Shell Oil Co., 440 So.2d at 95; Trahan v. Liberty Mutual Insurance Company, 314 So.2d 350, 353 (La.1975). In the instant case, the claims of both Bruce and Houston General are based on the cause of action consisting of the material facts which are the basis of the employee's right to recover damages, and suit by either the employee or the employer's compensation insurer interrupts prescription for both as to this single cause of action. See Louviere v. Shell Oil Co., 440 So.2d at 95.
Once a suit interrupts prescription, that interruption continues during the pendency of the suit. Louviere v. Shell Oil Co., 440 So.2d at 98. As a general rule, if prescription is interrupted, time that has run prior to the interruption is not counted. Prescription commences to run anew from the last day of the interruption. LSA-C.C. art. 3466; Roger v. Estate of Moulton, 513 So.2d 1126, 1133 (La.1987).
However, an exception to this general rule exists in that, under LSA-C.C. art. 3463, "[i]nterruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses, or fails to prosecute the suit at the trial." In Hebert v. Cournoyer Oldsmobile-Cadillac GMC, Inc., 419 So.2d 878, 880-881 (La.1982), the Louisiana Supreme Court, in interpreting LSA-C.C. art. 3519 (now LSA-C.C. art. 3463), held that LSA-C.C. art. 3519 did not apply after the defendant has made a general appearance. The court stated:
We accordingly conclude that Article 3519's provision (regarding the effect of the plaintiff's voluntary dismissal of a demand on that demand's interruption of prescription) applies only to a voluntary dismissal prior to a general appearance by the defendants. Only before the defendants' general appearance does the plaintiff have the unqualified right of voluntary dismissal.... (Emphasis added).
In Roger v. Estate of Moulton, 513 So.2d at 1133, the Louisiana Supreme Court determined that the general appearance by filing a pleading or other entry into the case by all original defendants prior to dismissal precluded the application of LSA-C.C. art. 3463.
More recently, this court in Provident Life and Accident Insurance Company v. Turner, 582 So.2d 250, 256-257 (La.App. 1st Cir.1991), held that LSA-C.C. art. 3463 does not apply to negate the interruption of prescription where the defendant has made a general appearance.
The burden of proving the peremptory exception pleading the objection of prescription is upon the party asserting it. Provident Life and Accident Insurance Company v. Turner, 582 So.2d at 254. However, when the plaintiff's cause of action has prescribed on the face of his own petition, plaintiff bears the burden of proving facts which would have the effect of interrupting or suspending the running of prescription. Yarbrough v. Louisiana Cement Company, Inc., 370 So.2d 602, 603 (La.App. 4th Cir.), writ denied, 373 So.2d 531 (La.1979). Moreover, the ordinary rule of the burden of proof is that one who claims the benefit of an exception to the general law must show that he comes within the exception. Aramburo v. Travelers Insurance Company, 426 So.2d 260, 261 (La.App. 4th Cir.), writ denied, 433 So.2d 161 (La.1983).
In the instant case, it is apparent on the face of Houston General's petition that the suit for damages is one in tort, that more than one year elapsed between the date of the accident involving Bruce and Hart and the filing of the suit for damages by Houston General, and that Houston General's action appeared to have prescribed.
It is undisputed that Bruce filed suit against the defendants in the 32nd Judicial *790 District Court in Terrebonne Parish, under docket numbers 91568, 93061, and 93381, for the injuries he sustained as a result of the automobile accident which occurred on April 5, 1988. The jurisprudence clearly supports Houston General's contention that the timely filing of this suit interrupted prescription as to its claims and that the interruption continued until Bruce's suit was dismissed on January 18, 1990.
Therefore, we find that the prescriptive period within which Houston General should have filed its suit for damages was interrupted during the pendency of Bruce's suit and that Houston General had one year from the dismissal of that suit to file its suit for damages, unless LSA-C.C. art. 3463 applied. Because LSA-C.C. art. 3463 is an exception to the general rule, it was incumbent upon the defendants to prove that the interruption never occurred by showing that Bruce voluntarily dismissed his action and that they had not entered a general appearance in that matter. However, except for Bruce's petition, the record is devoid of any of the pleadings from the prior suit between Bruce and the defendants. Commercial Union failed to show that they had not made a general appearance in Bruce's suit. Therefore, we find that, based upon the record before it, the trial court erred in dismissing Houston General's action on the issue of prescription since there was an unresolved issue of material fact precluding summary judgment.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is reversed, and the matter is remanded to the trial court for further proceedings consistent with the views expressed herein. Costs of this appeal are assessed against the defendants.
REVERSED AND REMANDED.
LeBLANC, J., concurs.
NOTES
[1] Judge Remy Chiasson, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] In their answer and third-party demand, defendants contended that Houston General's action for damages had prescribed.