738 So.2d 110 (1999)
FIRST NATIONAL BANK OF COMMERCE
v.
Richard F. KEYWORTH.
No. 98-CA-1255.
Court of Appeal of Louisiana, Fifth Circuit.
June 1, 1999.
*111 Bruce A. North, Gretna, Louisiana, Attorney for Defendant/Appellant Richard F. Keyworth.
Marc G. Dorsey, New Orleans, Louisiana, Attorney for Plaintiff/Appellee Royal Developments, L.L.C.
Panel composed of Judges CHARLES GRISBAUM, Jr. EDWARD A. DUFRESNE, Jr. and SUSAN M. CHEHARDY.
CHEHARDY, Judge.
This is an appeal of a trial court judgment, finding a foreclosure sale provoked by the plaintiff valid and denying defendant injunctive relief with regards to the sale. For the following reasons, we affirm.
Initially, we note that the record before us on appeal was designated by defendant/appellant, Richard F. Keyworth, and many of the underlying facts and ancillary issues discussed by both parties in their appellate briefs are not contained in the record. In Barrois v. Wal-Mart Stores, Inc., 97-636 (La.App. 5 Cir.11/25/97), 703 So.2d 798, we addressed a similar situation and held that while La. C.C.P. art. 2128 provides that the appellant may designate the record, and limit it to such portions which he desires to constitute the record on appeal,
the inadequacy of the record, if any, is imputable to the appellant. Carter v. Barber Bros. Contracting Co., Inc., 623 So.2d 8, 10 (La.App. 1 Cir.1993), writ denied, 629 So.2d 1180 (La.1993); Miller v. Potier, 94-1000 (La.App. 3 Cir. 2/1/9), 649 So.2d 1130.
An appellate court is forbidden by the law and jurisprudence to consider evidence which is outside the record on appeal. Geo Consultants Intern. v. Professional Roofing and Const., Inc., 95-1016 (La.App. 5 Cir. 3/26/96), 672 So.2d 1002; Creppel v. Louisiana Power and Light Co., 514 So.2d 239 (La.App. 5 Cir. 1987). It is also well established that the appellate briefs of the parties are not part of the record on appeal, and this Court has no authority to consider, on appeal, facts referred to in appellate briefs if those facts are not in the record that is lodged in the appellate court. Creppel, supra; Tranum v. Hebert, 581 So.2d 1023 (La.App. 1 Cir.1991), writ denied, 584 So.2d 1169 (La.1991).

Id. at 799.
What we have been able to glean from the designated record is that this lawsuit, 24th Judicial District Court number 450-946, Division "K,"[1] was filed by First National Bank of Commerce (hereafter *112 FNBC), on July 2, 1993, against appellant, Richard F. Keyworth (hereafter Keyworth), as a petition for executory process. In its petition, FNBC alleged that it was the holder of several notes executed by Keyworth, including three promissory notes and two collateral mortgage notes, which were secured by two collateral mortgages executed by Keyworth. FNBC also alleged in its petition that Keyworth had defaulted on the loans and sought to foreclose on the mortgaged properties to satisfy the debts owed them by Keyworth, which were in excess of $100,000.00.
On May 25, 1994, Keyworth executed a consent judgment in favor of FNBC, granting FNBC the sums owed by Keyworth on the notes with interest and attorney's fees. The consent judgment also recognized the mortgages executed by Keyworth. On December 29, 1997, the consent judgment was acquired from FNBC by appellee, Royal Developments, L.L.C. (hereafter Royal). Royal thereafter substituted itself for FNBC as the proper party plaintiff in these proceedings. Also, on March 24, 1998, Diverse Developments, L.L.C. (hereafter Diverse) assigned to Royal a $300,000.00 collateral mortgage note, executed by Keyworth on March 13, 1989, which encumbered commercial property bearing the municipal address of 3001 Fifth Street in Metairie, Louisiana.[2]
While it is not part of the designated record, Royal apparently filed a writ of fieri facias, directing the seizure and sale of the property mortgaged by Keyworth at 3001 Fifth Street.[3] On February 25, 1998, and March 20, 1998, Keyworth filed injunction rules in suit numbers 421-488 and 450-946, respectively. In both proceedings, Keyworth attempted to halt the sheriff's sale of 3001 Fifth Street. In both proceedings, injunctive relief was denied. Neither of the judgments denying injunctive relief to enjoin the sale of the property are before us on appeal.
The sheriff's sale of the Fifth Street property took place on March 25, 1998, and Royal purchased it for $350,000.00. Sheriff's costs of $12,319.97 and back property taxes (from 1990-1997) in the amount of $18,762.44 were paid by Royal. The balance of the purchase price was retained by Royal to satisfy the consent judgment ($132,466.41) and a portion of the $300,000.00 collateral mortgage note ($186,451.18).
After the sale, Keyworth attempted to have it annulled. However, that pleading is not part of the designated record before us. In any event, the matter proceeded to a hearing on May 15, 1998. At the conclusion of the hearing, the trial court made the following ruling:
... The sale is a valid sale. There's certainly a lot of questions that remain with regard to who is truly owed money as a result of this sale, whether or not the $300,000 collateral mortgage has any value, and a rule to rank would be appropriate.
But, it appears from the inscriptions on the sale that there's certainlythat, you know, the debtor, Mr. Keyworth, in this case, is not going to have interest remaining in the property once the rule to rank occurs.[4] Either the $300,000 collateral mortgage is good and the sale is correct and satisfied as it was, or the $300,000 collateral mortgage is a lesser value or a zero value, and the following inferior inscriptions would come in. *113 Then it would be a matter of who gets paid the difference in the proceeds. The rule to rank would be appropriate.
The court finds that the sale is a valid sale.
Thereafter, on May 26, 1998, the trial court rendered a written judgment, finding that the March 25, 1998 judicial sale of the 3001 Fifth Street property is valid and enforceable, denying all injunctive relief as prayed for by Keyworth, and giving Keyworth ten days to vacate the premises. Keyworth filed this appeal, asserting three "issues presented": "Whether the sheriffs sale of 3001 Fifth Street, Metairie, Louisiana, was valid; Whether Royal complied with the terms of the adjudication; and Whether the sale was absolutely null as a result of Royal's failure to comply with the terms of the adjudication."
The three issues presented by Keyworth are not individually briefed on appeal.[5] Therefore, we will only address the one issue herein, whether or not the trial court erred by finding that the sheriffs sale was valid.
Throughout Keyworth's appellate brief, he argues that Royal improperly received "credits" for the balance of the sale price after satisfying the sheriff's costs and the back property taxes due, and that it did not have to pay cash for the sale. Keyworth further argues that Royal should not have been allowed to do this because there are other creditors who have superior liens in the property and Royal should have been required to pay the sale price in cash. Keyworth's argument concludes by asserting that because Royal did not have to pay cash, the sale should be declared invalid.
We are not persuaded by this argument, which is, at best, misplaced. What Keyworth claims Royal did to invalidate the sale happened after the sale. Any improper actions Royal may have taken after the sale do not act retroactively to invalidate a valid sale, particularly at this stage of the proceedings. The trial court attempted to explain this fact to Keyworth during his ruling at the May 15, 1998 hearing, and stated several times that a rule to rank the various creditors would be appropriate.
The trial court noted that however the creditors' ranking has no bearing on whether the sale was valid. If it is determined, after a rule to rank, that there are creditors who rank higher than Royal, Royal must pay those creditors at that time, failure of which could then provoke a rule to declare the sale invalid. Without a rule to rank the various creditors, Royal cannot be compelled to pay cash for property over which it holds judgments and notes valued far in excess of the sale price of the property.
The trial court further stated at the hearing that because of the number of creditors and liens on the property, it was clear that Keyworth would be left with no interest whatsoever in the property.[6]
There is certainly an underlying argument herein, which was apparently before the trial court at the time of the May 15, 1998 hearing, but not argued that day, that Keyworth lacks any standing to urge that the sale should be invalidated. There is no dispute that Keyworth is the judgment debtor of this property and Royal is one of several judgment creditors against this property. Even if Keyworth's claims had some merit, we do not see how Keyworth, as the judgment debtor, has standing to, make arguments asserting rights which are vested solely in a judgment creditor.
Nevertheless, after a thorough review of the designated record and the appellate *114 briefs filed herein, we find nothing to show that the trial court erred by finding that the March 25, 1998 sheriff's sale of the 3001 Fifth Street property was a valid sale. For the foregoing reasons, the trial court's May 26, 1998 judgment is hereby affirmed. All costs of this appeal are assessed against appellant, Richard F. Keyworth.
AFFIRMED.
NOTES
[1] Apparently because of the similarity of parties and issues, suit number 450-946 was later consolidated with suit number 421-488, Division "M," and number 450-946 was transferred to Division "M."
[2] Prior to the assignment, on March 5, 1998, Diverse declared the $300,000.00 collateral mortgage note subordinate to the consent judgment.
[3] Apparently at the time of the filing of the writ of fieri facias, Royal only held the consent judgment, which was worth approximately $132,000.00 at the time of the sheriff's sale. However, prior to the sheriff's sale, Royal was assigned the $300,000.00 collateral mortgage note by Diverse, which also encumbered the Fifth Street property.
[4] Included in the designated record before us is a mortgage certificate from the Clerk of Court's office, generated prior to the sheriff's sale, which lists a total of eighteen liens, claims or mortgages on the Fifth Street property.
[5] See U.R.C.A. Rule 2-12.4, which provides in pertinent part: "All specifications or assignments of error must be briefed."
[6] It should also be noted that the property only appraised for $133,000.00 at the time of the sheriff's sale, and appears to need extensive work and restoration in order to be placed back into commerce.