PETTIGREW, J.
 

 | ¿This is an appeal from the Eighteenth Judicial District Court’s judgment sustaining defendant’s exception raising the objection of lack of subject matter jurisdiction and dismissing, with prejudice, plaintiffs claim. For the reasons that follow, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 Plaintiff, Maxine Hughes Dickens, an inmate at the Louisiana Correctional Institute for Women in St. Gabriel, Louisiana (“LCIW”), filed a petition seeking damages for personal injuries she allegedly sustained on June 4, 2008, when she slipped and fell while serving handicapped trays in the kitchen of LCIW. In response to plaintiffs claims, the State of Louisiana, through LCIW, filed an exception raising the objection of lack of subject matter jurisdiction and, alternatively, a motion to dismiss. The State argued that because plaintiff had not exhausted her administrative remedies, the provisions of La. R.S. 15:1171, et seq., the Corrections Administrative Remedy Procedure (“CARP”), required that her claims be dismissed with prejudice. In support of the exception, the State submitted the affidavit of Rhonda Z. Weldon, a paralegal employed by the Department of Public Safety and Corrections, who indicated as follows: “After a review of the entire administrative proceedings, as maintained in the normal course of business by the Department of Public Safety and Corrections, she was unable to locate an ADMINISTRATIVE REMEDY PROCEDURE filed by Plaintiff, MAXINE HUGHES DICKENS, DOC # 111604.” Acknowledging plaintiffs argument that she had initiated an administrative remedy request through previous correspondence with LCIW staff but was denied, the State also submitted copies of three letters from plaintiff to LCIW staff concerning the June 4, 2008 incident. The State maintained that because these letters did not contain the phrase “This is a request for administrative remedy,” the
 
 *72
 
 letters did not qualify as a request for administrative remedies. The State also submitted a copy of a letter dated October 3, 2008, to plaintiff from “A.W. C.Moore” wherein plaintiff was advised as follows: “I have spoken to your provider and to the kitchen staff. There is no reason to change your job.” The final exhibit introduced by the State was a document bearing plaintiffs signature dated August 12, 2003, indicating that on said date, plaintiff |swas issued a copy of the “Lost Property Claim/Administrative Remedy Procedure” rules by LCIW staff. The State asserts this evidences plaintiffs knowledge of CARP.
 

 Plaintiff filed an opposition to the State’s exception, arguing that her “written correspondence to the warden, assistant warden and others [satisfied] her duty to initiate the administrative remedy procedure available to her.” Plaintiff further alleged that the “fact that the State and [LCIW] failed to pursue the administrative remedy available to [her] by way of hearing or other procedures or remedies” should not be held against her because the State “failed to [properly] advise [her] of her duty to follow the provisions as set forth in [La. R.S.] 15:1171 et seq.”
 

 The matter proceeded to a hearing before the trial court on November 9, 2009, at which time the trial court heard arguments from both sides. The trial court sustained the State’s exception raising the objection of lack of subject matter jurisdiction, dismissed plaintiffs claim with prejudice, and signed a judgment accordingly. The plaintiff subsequently filed a motion for rehearing on the exceptions, which was granted by the trial court. Following a second hearing on April 14, 2010, the trial court again sustained the State’s lack of subject matter jurisdiction exception, dismissing plaintiffs claim with prejudice. In oral reasons for judgment, the trial court stated as follows:
 

 I have no indication as to ... [plaintiffs] educational background here. However, I have been able to observe her in Court and she appears to be a very intelligent person. By no means is she a dumb person. By no means does she appear to suffer from any learning disability that I can detect just talking to her here in Court. She’s sitting in a facility serving time for whatever.... I don’t know how long, but I know it is long enough to read that Administrative Procedure Handbook. I read that just now in a matter of seconds. And, it’s very clear. Any request for administrative proceeding shall contain this phrase. It has to be there.... You have to say that, I am requesting an Administrative Procedure Remedy or however they say it. But, it’s in there. You had a copy of it, didn’t you? Did you not have a copy of the book? ... And, I think that the letter of the law has to be followed in order for you to prevail in this matter.... Must as any other person who comes in this court has to follow the law, so do you. And, that’s just the way it goes. So, I don’t find that the request for administrative remedy procedure is done in proper form. I can’t even say based on the letter that’s what it’s a request for. It basically says, I was hurt, I need a new job, you know. That’s basically what I read right there. So, I can’t say that just from the letter it’s a specific request for an ARP. So, that being the case, I don’t find that the procedure was properly followed in this case, which is inappropriate in this case.
 

 |4The trial court signed a judgment in accordance with its findings on May 12, 2010. It is from this judgment that plaintiff has appealed, arguing that the trial court erred in sustaining the State’s exception raising the objection of lack of subject matter
 
 *73
 
 jurisdiction and dismissing her claim with prejudice.
 

 SUBJECT MATTER JURISDICTION
 

 Jurisdiction is the legal power and authority of a court to hear and determine an action of the parties and to grant the relief to which they are entitled. La.Code Civ. P. art. 1. Subject matter jurisdiction is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute or the value of the right asserted. La.Code Civ. P. art. 2. The issue of subject matter jurisdiction addresses the court’s authority to adjudicate the cause before it. The issue may be raised at any time and at any stage of an action.
 
 McPherson v. Foster,
 
 2003-2696, p. 8 (La. App. 1 Cir. 10/29/04), 889 So.2d 282, 288. If a lack of subject matter jurisdiction is not apparent on the face of the plaintiffs petition, then the onus is on the defendant to offer evidence in support of the exception. La.Code Civ. P. art. 930;
 
 Crockett v. State Through Dept. of Public Safety and Corrections,
 
 97-2528, p. 5 (La.App. 1 Cir. 11/6/98), 721 So.2d 1081, 1084,
 
 writ denied,
 
 98-2997 (La.1/29/99), 736 So.2d 838.
 

 DISCUSSION
 

 At the outset, we note that the majority of plaintiffs appeal brief focuses on whether the provisions of CARP are constitutional pursuant to the holding of
 
 Pope v. State,
 
 99-2559 (La.6/29/01), 792 So.2d 713, whether the Louisiana Legislature properly amended CARP so as to remove all of the constitutional problems, and whether the provisions of CARP effectively shorten the prescriptive period for tort claims by inmates from a period of one year to ninety days. However, the challenge to the constitutionality of CARP is first raised by plaintiff on appeal. The constitutionality of a statute must first be questioned in the trial court and must be specifically pled.
 
 Willows v. State, Dept. of Health & Hospitals,
 
 2008-2357, p. 10 (La.5/5/09), 15 So.3d 56, 63. Hence, the | .^constitutionality of CARP is not an issue before us in this review.
 
 [1]
 

 Rochon v. Young,
 
 2008-1349, p. 4 (La.App. 1 Cir. 2/13/09), 6 So.3d 890, 892,
 
 writ denied,
 
 2009-0745 (La.1/29/10), 25 So.3d 824,
 
 cert.
 
 
 *74
 

 dismissed,
 
 — U.S. -, 130 S.Ct. 3325, 176 L.Ed.2d 1216 (2010).
 

 Thus, the only viable argument that plaintiff is left with on appeal is that her letters to LCIW staff constituted sufficient notice such that she complied with the administrative remedy procedures set forth in CARP. Louisiana Revised Statutes 15:1172 provides, in relevant part:
 

 B. (1) An offender shall initiate his administrative remedies for a delictual action for injury or damages within ninety days from the day the injury or damage is sustained.
 

 [[Image here]]
 

 (3) The department is authorized to establish deadlines for the procedures and processes contained in the administrative remedy procedure provided in LAC 22:1.325.
 

 C. If an offender fails to timely initiate or pursue his administrative remedies within the deadlines established in Subsection B of this Section, his claim is abandoned, and any subsequent suit asserting such a claim shall be dismissed with prejudice. If at the time the petition is filed the administrative remedy process is ongoing but has not yet been completed, the suit shall be dismissed without prejudice.
 

 Section 325 of Title 22, Part I of the Louisiana Administrative Code, outlines the rules and procedures to be followed in formally addressing inmate complaints in adult institutions in Louisiana. The Code requires inmates to use the procedure set forth | ^therein, the two-step ARP, before they can proceed with a suit in federal or state court. LAC 22:I.325(A)(1).
 
 [2]
 
 With regard to the procedure for filing an ARP, LAC 22:I.325(F) provides, in pertinent part, as follows:
 

 2. Initiation of Process. Inmates should always try to resolve their problems within the institution informally, before initiating the formal process. This informal resolution may be accomplished through discussions with staff members, etc. If the inmate is unable to resolve his problems or obtain relief in this fashion, he may initiate the formal process.
 

 a. The method by which this process is initiated is by a letter from the inmate to the warden. For purposes of this process, a letter is:
 

 i. any form of written communication which contains this phrase:
 

 “This is a request for administrative remedy;” or
 

 ii. Form ARP-1 at those institutions that wish to furnish forms for commencement of this process.
 

 b. No request for administrative remedy shall be denied acceptance into the administrative remedy procedure because it is or is not on a form; however, no letter as set forth above shall be accepted into the process unless it contains the phrase:
 

 “This is a request for administrative remedy.”
 

 In the instant case, plaintiff maintains on appeal that she “filed a complaint and notified the proper authorities within the time supplied and complied with all the other provisions of the statute with the exception that she did not state verbatim in her letters that ‘this is a request for Administrative Remedy Procedure’.” As further support for her position, plaintiff refers to her testimony at the April 14,
 
 *75
 
 2010 rehearing before the trial court. During her testimony, plaintiff acknowledged that while she did not include the phrase “this is a request for Administrative Remedy Procedure” in her letters, she did clearly write “ARP” on the outside of all of the envelopes in which the letters were delivered.
 
 [3]
 
 When asked why she would have done so, plaintiff replied, “Because I’m asking for Administrative Remedy Relief.”
 

 |7On cross examination, the following exchange took place between plaintiff and counsel for the State:
 

 Q. ... [A]t the last hearing the State submitted into evidence “Exhibits A through C”. That’s actually the affidavit from Wanda Weldon stating that no Administrative Remedy Procedure had been submitted ... from [plaintiff]. We also have ... “Exhibit B” which are the actual correspondences that [plaintiff] submitted to LCIW during this time.... And here is also “Exhibit C” which is [plaintiffs] signature dated August 12, 2003, which states that she actually did receive the Administrative Remedy Procedure guidelines stating ... what she had to do in this instance. And, if you recall ... in these guidelines it’s stated that your correspondence had to be written to the warden of the prison; is that correct?
 

 A. Yes.
 

 Q. Okay. Can you look in this exhibit and tell me who your letters had been written to?
 

 A. Assistant Warden Moore, Warden— Ms. McWilliams, she is over the infirmary, and Warden Leger.
 

 Q. Okay, correct. So, also in your administrative procedure guidelines, it states that ... your letters should contain the phrase, “this is a request for Administrative Remedy Procedure.” Is that phrase anywhere in the letters that you wrote?
 

 A. My letters are clearly asking—
 

 Q. Can you look in here, ma’am, and tell me if that phrase is in those letters?
 

 A. I don’t think that phrase is in the letters.
 

 Our review of the record and the statutes setting forth the procedures for obtaining administrative remedy indicates that the trial court was correct in sustaining the State’s exception raising the objection of lack of subject matter jurisdiction and dismissing plaintiffs claim. The statutes governing administrative remedies clearly require a properly captioned letter or a letter at least containing the introductory phrase explaining the reason for the letter, “This is a request for administrative remedy.” A letter to the warden is the proper vehicle to obtain administrative remedy, but the letter must be timely, and it must contain the required statutory phrase. None of plaintiffs letters to LCIW staff meet the criteria mandated by the applicable statutes. As previously stated, plaintiff admitted that the letters she wrote following the June 4, 2008 incident did not include the required phrase “This is a request for administrative remedy.” Accordingly, the record is 18devoid of any administrative review or decision. Because plaintiff failed to exhaust her administrative remedies prior to filing suit, the trial court lacked subject matter jurisdiction to consider her claim.
 
 Walker,
 
 2009-0821 at 4, 29 So.3d at 577.
 

 CONCLUSION
 

 For the above and foregoing reasons, we affirm the trial court’s judgment sustaining the State’s exception raising the objection of lack of subject matter jurisdiction
 
 *76
 
 and dismissing plaintiffs claim with prejudice. All costs associated with this appeal are assessed against plaintiff, Maxine Hughes Dickens.
 

 AFFIRMED.
 

 [1]
 

 . While the constitutionality of CARP is not properly before us for review, we feel compelled to point out that plaintiffs arguments on these issues ignore the legislature's amendment to CARP subsequent to the
 
 Pope
 
 decision. In
 
 Pope,
 
 the court held that certain provisions of CARP were unconstitutional to the extent that they divested the district courts of original jurisdiction over tort actions filed by inmates against the Department of Public Safety and Corrections and its employees.
 
 Pope,
 
 99-2559 at 13, 792 So.2d at 721. The unlawful provisions essentially allowed the Department of Public Safety and Corrections to adjudicate its own delictual liability in tort actions, and required the district courts to give manifest error deference to such adjudications.
 
 Id.
 
 Subsequent to
 
 Pope,
 
 the legislature amended portions of CARP by 2002 La. Acts No. 89 § 2, effective April 18, 2002. As part of the new procedure enacted, an offender is required to initiate administrative remedies for delictual actions within 90 days of the date of injury or damage. If initiation is untimely, the delictual claim is considered abandoned, and any subsequent suit asserting such a claim shall be dismissed with prejudice. La. R.S. 15:1172. Moreover, once an administrative decision regarding a delictual action is rendered, the prisoner then has the right to file his claim as an original civil action in district court. La. R.S. 15:1177(C).
 
 Walker v. Appurao,
 
 2009-0821, p. 3 n. 2 (La. App. 1 Cir. 10/23/09), 29 So.3d 575, 577 n. 2,
 
 writ denied,
 
 2009-2822 (La.3/5/10), 28 So.3d 1010. We also pretermit any discussion of whether the provisions of CARP unconstitutionally reduce an inmate’s liberative prescriptive period for tort actions from one year to ninety days as compared to other persons seeking a. tort remedy, as that issue is not properly before us for review.
 

 [2]
 

 . Effective April 20, 2002, the DPSC promulgated a new adult ARP that utilizes a two-step system of review, rather than the three-step review formerly used. LAC 22:1.325(G);
 
 Edwards v. Bunch,
 
 20071421, p. 5 n. 4 (La.App. 1 Cir. 3/26/08), 985 So.2d 149, 153 n. 4.
 

 [3]
 

 . The envelopes do not appear in the record before us.