**GARDEN PARK ESTATES OWNERS ASSOCIATION, INC. and Wiley J. Beevers**

v.

**Heidi NUSS and the City of Gretna**

**NO. 16–CA–252**

Court of Appeal of Louisiana, Fifth Circuit.

December 07, 2016

COUNSEL FOR PLAINTIFF/APPEL-LEE, GARDEN PARK ESTATES OWN-ERS ASSOCIATION, INC., Wiley J. Beevers, Shayna Beevers Morvant, Steven M. Mauterer

COUNSEL FOR DEFENDANT/AP-PELLANT, HEIDI NUSS, Mark E. Mor-ice

Panel composed of Fredericka Homberg Wicker, Marc E. Johnson, and Hans J. Liljeberg

LILJEBERG, J.

Defendant appeals the trial court's judgment, dated February 22, 2016, granting the preliminary and permanent injunctions sought by plaintiffs. For the following reasons, we affirm.

## PROCEDURAL HISTORY

On November 25, 2015, defendant, Heidi Nuss, submitted a building permit application with the City of Gretna, requesting a permit for the erection of a front yard fence and gates at her home located at 175 Willow Drive in Gretna. She submitted a supplement to the application on December 14, 2015, with a new plot diagram of the locations for the fence and gates. On February 1, 2016, the City of Gretna issued the building permit as requested.

On February 3, 2016, plaintiffs, Garden Park Estates Owners Association, Inc. and Wiley Beevers, filed a "Petition for Temporary Restraining Order and Preliminary and Final Injunctions" against Ms. Nuss and the City of Gretna. In their petition, they asserted that the erection of a fence in the front yard of the subject property violates the 1956 "Restrictions of Garden Park Subd. Extended" and the 2002 Restrictive Covenants. Plaintiffs requested the issuance of a temporary restraining order, a preliminary injunction, and a permanent injunction against Ms. Nuss and the City of Gretna, restraining and prohib-

iting them from erecting a fence in the front yard of the property at 175 Willow Drive. The trial judge issued a temporary restraining order and set a hearing date of February 22, 2016.

On February 4, 2016, Ms. Nuss executed an affidavit, in which she stated that she "hereby withdraws, recalls, rescinds, cancels and declares moot" the building permit application and the building permit issued by the City of Gretna on February 1, 2016. This affidavit was purportedly sent to the City of Gretna and/or |₂Mr. Beevers on February 4, 2016. Thereafter, on February 5, 2016, Ms. Nuss received personal service of the temporary restraining order.

On February 22, 2016, this case came for hearing before the trial court. After considering the testimony of the witnesses and the exhibits presented, the trial judge granted plaintiffs' request for preliminary and permanent injunctions, and ordered that the City of Gretna is restrained, enjoined, and prohibited from issuing a permit for the erection of a front yard fence at 175Willow Drive. The trial judge signed a written judgment to that effect on the same date. It is from this judgment that Ms. Nuss appeals.

## DISCUSSION

On appeal, Ms. Nuss contends that the trial court committed reversible error by granting a permanent injunction barring the issuance of a permit for a front yard fence at 175 Willow Drive, because there was no actual or immediate threat of harm to plaintiffs since Ms. Nuss withdrew her application for a building permit before the hearing in this matter. She further claims that the trial court erred by granting a permanent injunction during a summary proceeding on a preliminary injunction, absent an express agreement or stipulation between the parties to consolidate the hearing for a preliminary injunction with a trial for a permanent injunction.

Plaintiffs respond that on the morning of trial, February 22, 2016, "after much discussion with the court, the matter proceeded as a final trial on the merits with the testimony of two witnesses and introduction of evidence." They further argue that Ms. Nuss cannot prevail on appeal, because she chose to designate the record on appeal and failed to include a transcript of the February 22, 2016 hearing, which would reflect the interactions between the parties and the court, any stipulations, and the testimony of the witnesses.

■ |₃The record on appeal was designated by Ms. Nuss, and it does not contain a transcript of the proceedings held on February 22, 2016. While the February 3, 2016 order indicates that a hearing pertaining to a preliminary injunction was set for February 22, 2016, the minute entry from February 22 indicates that the "Petition for Temporary Restraining Order and Preliminary and Final Injunctions" was taken up on that date. Further, the trial court's written judgment states, "[t]his matter came for hearing on February 22, 2016, on Plaintiffs' Motion for Preliminary and Final Injunctions." The minute entry also shows that two witnesses testified at the hearing and exhibits were admitted into evidence.

■ La. C.C.P. art. 2128 provides that an appellant may designate the record and limit it to such portions which he/she desires to constitute the record on appeal. *First National Bank of Commerce v. Keyworth*, 98–1255 (La.App. 5 Cir. 6/1/99), 738 So.2d 110, 111. The inadequacy of the record, if any, is imputable to the appellant. *Id.*; *Aupied v. Aupied*, 09–636 (La.App. 5 Cir. 3/9/10), 38 So.3d 899, 902. The reviewing court must presume that the trial court judgment is correct and supported by sufficient competent evidence when a designated record is inadequate for a review of the matter at issue. *Noel v. Noel*, 15–37

(La.App. 3 Cir. 5/27/15), 165 So.3d 401, 415, *writ denied*, 15–1121 (La. 9/18/15), 178 So.3d 147; *Smith v. Cappaert Manufactured Hous., Inc.*, 11–1464 (La.App. 3 Cir. 4/10/12), 89 So.3d 1234, 1242, *writ denied*, 12–1418 (La. 10/8/12), 98 So.3d 857.

In the present case, without a transcript of the February 22, 2016 hearing, we cannot determine the merits of Ms. Nuss' appeal. There are essential facts we cannot glean from this designated record, including whether or not the parties stipulated or agreed for the trial court to consider plaintiffs' request for a permanent injunction at the hearing. What the record does show is that witnesses testified and exhibits were admitted at the hearing. Further, while Ms. Nuss asserts that she withdrew and "declared moot" her application for a building permit and the building permit itself, we cannot determine what took place regarding this affidavit, or other actions taken to withdraw or rescind the building permit, without a transcript of the testimony and/or other evidence. Accordingly, we must presume that the trial court's judgment is correct.

## DECREE

For the foregoing reasons, we affirm the trial court's February 22, 2016 judgment, granting plaintiffs' request for preliminary and permanent injunctions and prohibiting the City of Gretna from issuing a permit for the erection of a front yard fence at 175 Willow Drive in Gretna. All costs of this appeal are to be paid by appellant.

## AFFIRMED