STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2019 CA 1675

WILFRED GUY
VERSUS
SERGEANT ISREAL CALVIT AND STATE OF LOUISIANA THROUGH
LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS,
LOUISIANA STATE PRISON

*Consolidated with*

NUMBER 2019 CA 1676

RENIL ESCOBAR
VERSUS
SERGEANT ISREAL CALVIT AND STATE OF LOUISIANA THROUGH
LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS,
LOUISIANA STATE PRISON

*Consolidated with*

NUMBER 2019 CA 1677

MATT BANKS
VERSUS
SERGEANT ISREAL CALVIT AND STATE OF LOUISIANA THROUGH
LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS,
LOUISIANA STATE PRISON

*Consolidated with*

NUMBER 2019 CA 1678

AUGUST PAYNE
VERSUS
SERGEANT ISREAL CALVIT AND STATE OF LOUISIANA THROUGH
LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS,
LOUISIANA STATE PRISON

**Judgment Rendered: AUG 0 5 2020**

* * * * * *

On appeal from the
Twentieth Judicial District Court
In and for the Parish of West Feliciana
State of Louisiana
Docket Number 23,017 c/w 23,259 c/w 23,267 c/w 23,326

Honorable Kathryn E. Jones, Judge Presiding

* * * * * *

Donna U. Grodner
Baton Rouge, LA

Counsel for Appellants
Renil Escobar and Matt Banks


Jeff Landry
*Attorney General*
Baton Rouge, LA

Lee J. Ledet
*Special Assistant Attorney General*
Baton Rouge, LA

Counsel for Appellees
Sergeant Israel Calvit and the
Louisiana Department of Public
Safety and Corrections

\* \* \* \* \* \*

BEFORE: WHIPPLE, C.J., GUIDRY AND BURRIS,[1] JJ.

---

[1] Judge William J. Burris, retired, serving *pro tempore* by special appointment of the Louisiana Supreme Court.

2

**GUIDRY, J.**

This is an appeal from a trial court judgment sustaining exceptions of prescription and lack of subject matter jurisdiction. The judgment dismissed Renil Escobar's claims against defendants, Sergeant Israel Calvit and the State of Louisiana through the Louisiana Department of Public Safety and Corrections, with prejudice and dismissed Matt Banks' claims against the same defendants without prejudice. For the following reasons, we affirm in part and vacate in part.

## FACTS AND PROCEDURAL HISTORY

On December 3, 2016, Renil Escobar and Matt Banks, both inmates of the Department of Public Safety and Corrections ("DPSC") housed at the Louisiana State Penitentiary ("LSP"), were inside a patrol van when it collided with another patrol van at the prison. Escobar and Banks filed suit on June 11, 2018, and June 20, 2018, respectively, against the driver of the van, Sergeant Israel Calvit,[2] and his employer, the State of Louisiana through DPSC (hereinafter collectively "defendants"). Escobar and Banks' suits were consolidated, along with suits filed by two other inmates who alleged that they were injured in the same accident.

On December 10, 2018, the defendants filed a declinatory exception of lack of subject matter jurisdiction and a peremptory exception of prescription in response to Escobar's suit. The defendants maintained that Escobar failed to exhaust his administrative remedies such that the trial court lacked subject matter jurisdiction over Escobar's claims. Additionally, and alternatively, the defendants argued that Escobar's claims had prescribed. Also on December 10, 2018, the defendants filed a declinatory exception of lack of subject matter jurisdiction in response to Banks' suit, contending that he failed to exhaust his administrative

---

[2] While originally identified as "Sergeant Calvin" in the petitions, the captions were amended to correctly identify the first named defendant as "Sergeant Isreal Calvit." Notwithstanding, the defendants' exceptions and related pleadings as well as the trial court's judgment identify defendant as "Sergeant Israel Calvit."

remedies. Escobar and Banks opposed the exceptions in a joint memorandum, arguing that they both filed "ARP" (Administrative Remedies Procedure) grievances, but that DPSC failed to act on them.

A hearing was held on the exceptions on February 27, 2019, and on March 20, 2019, the trial court signed a written judgment granting the defendants' exception of prescription as to Escobar's claims and granting the defendants' exception of lack of subject matter jurisdiction as to Banks' claims. The trial court denied the defendants' exception of lack of subject matter jurisdiction as to Escobar's claims as moot. The judgment dismissed Escobar's claims against the defendants with prejudice and dismissed Banks' claims against the defendants without prejudice. Escobar and Banks appeal the March 20, 2019 judgment.[3]

## ASSIGNMENTS OF ERROR

Escobar and Banks present the following assignments of error:

1) With regard to Matt Banks, the trial court erred as a matter of law in failing to deny the exception of failure to exhaust where all regulatory time delays to process the ARP ran prior to filing the suit.

2) With regard to Renil Escobar, the trial court erred as a matter of law in failing to deny the exception of prescription where the inmate timely filed an ARP, which LSP wrongfully rejected, and where Mr. Escobar timely refiled the ARP, which LSP never processed or it reached 2nd step (finality) in May 2018 and the suit was filed in June 2018. The original filing interrupted prescription as a matter of law. Prescription remained interrupted, because the ARP never reached 2nd step or the suit was filed one month thereafter.

## LAW AND DISCUSSION

These matters involve complaints lodged by offenders[4] pursuant to the Louisiana Corrections Administrative Remedy Procedure Act ("CARP"), La. R.S.

---

[3] On March 4, 2019, Escobar and Banks timely filed a notice of intention to seek supervisory review of the trial court's March 20, 2019 judgment and filed a writ application with this court. On August 19, 2019, a panel of this court granted the writ application for the limited purpose of remanding the matter to the trial court so that an appeal could be granted, as the March 20, 2019 judgment was final and appealable. Guy v. Calvin, 19-0425 (La. App. 1st Cir. 8/19/19) (unpublished writ action).

[4] As inmates of DPSC, Escobar and Banks are "offenders" as that term is defined in La. R.S. 15:1174.

4

15:1171, *et seq.* The provisions of CARP permit DPSC to adopt administrative remedy procedures at their institutions for receiving, hearing, and disposing of complaints and grievances by an offender against the state, DPSC, or its employees arising while the offender is within the custody or under the supervision of DPSC. Shannon v. Vannoy, 17-1722, p. 9 (La. App. 1st Cir. 6/1/18), 251 So. 3d 442, 449; La. R.S. 15:1171(A) and (B). All complaints and grievances of an offender against DPSC or its employees are subject to CARP. Shannon, 17-1722 at p. 10, 251 So. 3d 449. Pursuant to CARP, grievances and complaints include "any and all claims seeking monetary, injunctive, declaratory, or any other form of relief authorized by law." La. R.S. 15:1171(B).

The rules and procedures governing the ARP process are set forth in Section 325 of Title 22, Part I of the Administrative Code. Pursuant thereto, administrative remedies for offender complaints and grievances, including delictual claims seeking monetary relief, must be initiated within ninety days from the date the injury or damage is sustained. La. R.S. 15:1172(B)(1); LAC 22:I.325.G.1 (2013).[5] Notably, La. R.S 15:1172(E) provides that liberative prescription for any delictual action for injury or damages arising out of claims asserted by a prisoner in a complaint or grievance in an ARP shall be suspended upon the filing of the complaint or grievance and shall continue to be suspended until the final agency decision is delivered. Cook v. Louisiana Dep't of Pub. Safety & Corr., 18-1143, p. 4 (La. App. 1st Cir. 12/18/18), 267 So. 3d 1175, 1177.

Once an offender initiates the formal ARP process, the grievance is screened prior to being assigned to the first step in the two-step ARP process. LAC 22:I.325.G; LAC 22:I.325.I.1; LAC 22:I.325.J. Through the screening process, the grievance is either accepted and processed or rejected for one of the reasons

---

[5] While LAC 22:I.325 was amended in 2019, the 2013 version cited herein is applicable to these cases, as the incident occurred in 2016.

5

enumerated in LAC 22:I.325.I.1.a.ii.(a)-(j). Once accepted, the grievance is moved to the first step of the ARP process, and a response must be given within forty days from the date the grievance is received at the first step. LAC 22:I.325.J.1.a.ii. If the offender is dissatisfied with the decision rendered in the first step, he may pursue the grievance through the proper procedure to the second step. LAC 22:I.325.J.1.a.iii; LAC 22:I.325.J.1.b. A final decision is to be made and a response shall be sent to the offender within forty-five days from the date the grievance is received at the second step. LAC 22:I.325.J.1.b.ii.

The ARP process must be exhausted before an offender may proceed with a suit in federal or state court. Collins v. Vanny, 14-0675, p. 3 (La. App. 1st Cir. 1/15/15), 169 So. 3d 405, 406; La. R.S. 15:1176; LAC 22:I.325.I; LAC 22:I.325.F.3.a.viii. Pursuant to LAC 22:I.325.F.3.a.viii, exhaustion of administrative remedies occurs:

> (a). when the relief requested has been granted;
>
> (b). when the second step response has been issued; or
>
> (c). when the grievance has been screened and rejected for one of the reasons specified in Subsection I, Grievance Screening.

If an offender fails to exhaust available administrative remedies, the district court and the appellate court lack subject matter jurisdiction to review the claim. Collins, 14-0675 at p. 3, 169 So. 3d at 407.

6

## Subject Matter Jurisdiction

In both the Escobar and Banks suits, defendants filed declinatory exceptions asserting the objection of lack of subject matter jurisdiction on the basis that the offenders failed to properly exhaust the ARP process. In the Escobar suit, the trial court denied defendants' exception as moot, having first ruled that Escobar's claims were prescribed. However, the trial court sustained the defendants' exception in the Banks suit.

Subject matter jurisdiction is a threshold issue insofar as a judgment rendered by a court that has no jurisdiction over the subject matter of the action or proceeding is void. La. C.C.P. art. 3; IberiaBank v. Live Oak Circle Dev., L.L.C., 12-1636, p. 4 (La. App. 1st Cir. 5/13/13), 118 So. 3d 27, 30. Jurisdiction of the subject matter cannot be waived and the lack of subject matter jurisdiction may be recognized by the court at any time. La. C.C.P. art. 3 and 925; IberiaBank, 12-1636 at p. 4, 118 So. 3d at 30. Therefore, we address the trial court's rulings on the defendants' exceptions asserting the objection of lack of subject matter jurisdiction in both the Banks and Escobar suits.

The allegations of the petitions in the Banks and Escobar suits relative to exhaustion of administrative remedies are nearly identical. Escobar's petition contained the following allegation:

> A requirement of exhaustion of administrative procedures are [sic] not necessary to bring tort claims and unconstitutional [claims]. This claim is a tort claim. Pope v. State, 792 So. 2d 713 (La. 2001). To the extent any administrative remedy may be required, same were [sic] deemed exhausted through passage of time in completion of second step for LSP 2016-3513 that was filed on December 12, 2016 and re-filed on February 7, 2017.

Similarly, Banks alleged as follows:

> A requirement of exhaustion of administrative procedures are [sic] not necessary to bring tort claims and unconstitutional [claims]. This claim is a tort claim. Pope v. State, 792 So. 2d 713 (La. 2001). To the extent any administrative remedy may be required, same were

[sic] deemed exhausted through passage of time in completion of second step for LSP 2016-3416 that was filed on December 4, 2016.

Despite the allegations to the contrary, Escobar and Banks were required to exhaust administrative remedies on their tort claims.[6]

Both petitions alleged that Escobar and Banks' administrative remedies were deemed exhausted through the passage of time after the completion of the second step in the ARP process. Pursuant to LAC 22:I.325.J entitled, "Grievance Processing," there are certain time limits that must be adhered to in processing any grievance. LAC 22:I.325.J.1. Specifically, if more that ninety days elapse from the beginning to the completion of the grievance process, without any extensions granted, the expiration of the response time limits (provided in LAC 22:I.325.J.1.a and b) shall entitle the offender to move to the next step in the process.[7] LAC 22:I.325.J.1.c. Also, LAC 22:I.325.F.3.a.ix provides that if an offender submits multiple grievances during the review of a previous grievance, the subsequent grievances will be set aside for handling until the pending grievance has been exhausted at the second step or the time limits to proceed from the first step to the second step have lapsed.

Based on the allegations of the petitions and in light of applicable statutes and regulations, it was not apparent from the petitions that Escobar and Banks failed to exhaust their administrative remedies. When a lack of subject matter jurisdiction is not apparent on the face of the petition, the burden is on the

---

[6] The Supreme Court in Pope v. State, 99-2559 (La. 6/29/01), 792 So. 2d 713 held that the administrative remedy set forth in CARP for tort actions impermissibly allowed the administrative body to exercise original jurisdiction in a civil matter, noting that the statutes only allowed judicial review of the body's decisions by the district court. Pope, 99-2559 at pp. 9-13, 792 So. 2d at 718-21. However, the legislature subsequently amended the provisions of CARP to exclude tort actions for injury and damages from the provisions relating to judicial review and, instead, provided that tort actions shall be filed separately as original civil actions once the administrative procedures are complete. La. R.S. 15:1177(C); Duhe v. St. John the Baptist Par. Sheriff's Dep't, 17-599, p. 5 (La. App. 5th Cir. 4/11/18), 245 So. 3d 1244, 1247, writ denied, 18-0764 (La. 9/21/18), 252 So. 3d 898.

[7] A grievance must be accepted, as opposed to rejected, in order for the grievance process to be initiated. See LAC 22:I.325.I.1.a (A screening officer shall screen all grievances prior to assignment to the first step, and, then, the grievance will be accepted for processing or rejected for enumerated reasons).

defendant to offer evidence in support of the exception. La. C.C.P. art. 930; Dickens v. Louisiana Corr. Inst. for Women, 11-0176, p. 4 (La. App. 1st Cir. 9/14/11), 77 So. 3d 70, 73. Accordingly, defendants bore the burden of establishing the lack of subject matter jurisdiction.

Defendants attached exhibits, including copies of the relevant ARP proceedings, to their memoranda in support of the exceptions, which exhibits showed, at minimum, that Escobar and Banks' allegations regarding exhaustion were not accurate. However, no exhibits were introduced or proffered by either party. The minute entry makes no mention of exhibits being introduced at the hearing on February 27, 2019, and the record lacks an exhibit envelope. Without any evidence supporting the exceptions raising the objection of lack of subject matter jurisdiction, defendants could not carry their burden of proof. Dickens, 11-0176 at p. 4, 77 So. 3d at 73. Accordingly, defendants' exception as to Escobar's petition was properly denied. However, the trial court erred in sustaining defendants' exception asserting the objection of lack of subject matter jurisdiction as to the claims asserted by Banks, and we are constrained to vacate this portion of the March 20, 2019 judgment.

## Prescription

Delictual actions are subject to a liberative prescription of one year, which commences to run from the day injury or damage is sustained. La. C.C. art. 3492. Prescription runs against all persons unless an exception is established by legislation, e.g., interruption or suspension. La. C.C. art. 3467; see La. C.C. arts. 3462-3472. When prescription is suspended, prescription ceases to run, temporarily, and the period of suspension is not counted toward accrual of prescription. La. C.C. art. 3472. Prescription will continue to run again upon the termination of the period or once the cause for suspension ends, and the time period preceding the suspension is added to the time following the suspension in

9

order to compose the necessary period of time for prescription, such that only the period of the suspension is deducted. La. C.C. art. 3472; LeBreton v. Rabito, 97-2221, p. 6 (La. 7/8/98), 714 So. 2d 1226, 1229.

The petition of Escobar clearly states that the accident occurred on December 3, 2016, and the petition was not filed until June 11, 2018. While Escobar alleged in his petition that he exhausted all administrative remedies through the passage of time relative to the ARP assigned file number LA 2016-3515 filed on December 12, 2016 and re-filed on February 7, 2017, no other allegations relative to the ARP process are contained in the petition and no documents were attached to the petition. Accordingly, the petition is prescribed on its face.

Notably, in Roba, Inc. v. Courtney, 09-0508, p. 7 (La. App. 1st Cir. 8/10/10), 47 So. 3d 500, 506, this court expressly stated as follows:

> Generally, the burden of proving that a cause of action has prescribed rests with the party pleading prescription; however, when the plaintiff's petition shows on its face that the prescriptive period has run, and the plaintiff contends there is a suspension or interruption of prescription, the burden is on the plaintiff to prove suspension or interruption. *St. Romain v. Luker*, 00-1366 (La.App. 1st Cir. 11/9/01), 804 So.2d 85, 88, *writ denied*, 02-0336 (La. 4/19/02), 813 So.2d 1083. Moreover, the ordinary rule of the burden of proof is that one who claims the benefit of an exception to the general law must show he comes within the exception. *Houston General Ins. Co. v. Commercial Union Ins. Co.*, 612 So.2d 787, 789 (La.App. 1st Cir.1992), *writ denied*, 614 So.2d 82 (La.1993).

While defendants, as the parties pleading prescription, would normally bear the burden of proof, with Escobar's petition prescribed on its face and Escobar's assertion that the prescriptive period was suspended, the burden was on Escobar to establish that prescription was suspended and that the petition was timely.

10

The record, designated by Escobar and Banks, does not contain the transcript of the hearing on defendants' exception.[8] Moreover, no exhibits were filed by any party at the February 27, 2019 hearing. In failing to introduce any evidence at the trial on the exceptions, Escobar failed to carry his burden of proof. Accordingly, we find no error in the trial court's sustaining the defendants' exception of prescription and dismissing Escobar's claims against defendants with prejudice.

## CONCLUSION

Based on the foregoing discussion, we affirm those portions of the March 20, 2019 judgment denying the declinatory exception of lack of subject matter jurisdiction filed in connection with the claims asserted by Renil Escobar, sustaining the peremptory exception of prescription filed in connection with the claims asserted by Renil Escobar, and dismissing all claims of Renil Escobar against Sergeant Israel Calvit and the State of Louisiana through the Louisiana Department of Public Safety and Corrections, with prejudice. Those portions of the March 20, 2019 judgment sustaining the declinatory exception of lack of subject matter jurisdiction filed in connection with the claims asserted by Matt Banks and dismissing all claims of Matt Banks against defendants, Sergeant Israel Calvit and the State of Louisiana through the Louisiana Department of Public Safety and Corrections, without prejudice, are vacated. The matter is remanded to the trial court for further proceedings. Costs of the appeal in the amount of $261.86 are assessed one-half to appellants, Renil Escobar and Matt Banks, and one-half to appellees, Sergeant Israel Calvit and the State of Louisiana through the Louisiana Department of Public Safety and Corrections.

---

[8] A reviewing court must presume that the trial court's judgment is correct when a designated record does not enable an adequate review of the matter at issue. Garden Park Estates Owners Ass'n, Inc. v. Nuss, 16-252, p. 3 (La. App. 5th Cir. 12/7/16), 207 So. 3d 1181, 1183-84 (citing Noel v. Noel, 15-37 (La. App. 3d Cir. 5/27/15), 165 So. 3d 401, 413, writ denied, 15-1121 (La. 9/18/15), 178 So. 3d 147). Additionally, while the record designation requested that any exhibits admitted and proffered on February 27, 2019 be included, no exhibits were included in the record, indicating that no exhibits were introduced into the record.

**AFFIRMED IN PART AND VACATED IN PART; REMANDED FOR FURTHER PROCEEDINGS.**