938 So.2d 1025 (2006)
Clarence D. LEWIS
v.
Jim ROGERS, Warden, C. Paul Phelps Correctional Center and Cindy Hebert, Records Officer.
No. 2005 CA 1138.
Court of Appeal of Louisiana, First Circuit.
June 9, 2006.
Clarence David Lewis, DeQuincy, Plaintiff/Appellant In Proper Person.
William L. Kline, Baton Rouge, Counsel for Defendant/Appellee Department of Public and Corrections, et al.
Before: CARTER, C.J., DOWNING, and GAIDRY, JJ.
GAIDRY, J.
This appeal concerns the dismissal without prejudice of inmate Clarence Lewis's petition for judicial review of an administrative decision. The trial court dismissed the petition for lack of subject matter jurisdiction because Lewis failed to exhaust his administrative remedies prior to filing suit, and Lewis appealed.
Lewis initiated his request for an administrative remedy on November 9, 2004. The First Step Response denying Lewis's *1026 request for a remedy was dated December 20, 2004. On December 21, 2004, Lewis checked the box on the First Step Response Form indicating that he was dissatisfied with the response and wished to proceed to Step Two. Lewis then filed a petition for judicial review of the administrative decision on January 12, 2005. The commissioner's screening report recommending dismissal without prejudice for lack of subject matter jurisdiction was issued on January 27, 2005. Lewis filed a traversal on February 22, 2005, and attached a copy of the Second Step Response Form, dated January 21, 2005, denying his request for relief. The trial court dismissed Lewis's petition for judicial review without prejudice on March 2, 2005.
Lewis claims on appeal that the dismissal of his petition was due to an incomplete record; that is, that the trial judge did not consider the response to his second step request, which he attached to his traversal of the commissioner's recommendation and which constituted the exhaustion of his administrative remedies, when dismissing his suit. We disagree. Louisiana Revised Statutes 15:1172(C) provides that: "If at the time the petition is filed the administrative remedy process is ongoing but has not yet been completed, the suit shall be dismissed without prejudice." (Emphasis added). At the time Lewis filed his petition for judicial review, the administrative remedy process was ongoing, but not completed; thus the trial court did not err in dismissing his suit without prejudice.
Lewis also filed a motion to supplement the record on appeal. The evidence with which Lewis seeks to supplement the record relates to the merits of his administrative remedy request, which are not reached here due to the lack of subject matter jurisdiction, and his motion is denied.
Costs of this appeal are assessed to plaintiff, Clarence D. Lewis.
AFFIRMED; MOTION TO SUPPLEMENT DENIED.