HIGGINBOTHAM, J.
12Henry Harper, an inmate in the custody of the Louisiana Department of Public Safety and Corrections (DPSC), appeals a judgment of the district court that dismissed his petition for judicial review, without service and without prejudice, on the basis that he failed to exhaust administrative remedies. Based on our review of the record, we vacate the judgment and remand for further proceedings in accordance with this opinion.
BACKGROUND
On May 13, 2013, Mr. Harper filed a request for relief under Administrative Remedy Procedure (ARP) LSP-2013-1269 at Louisiana State Penitentiary, where he is housed. The record does not contain a copy of the initial grievance filed by Mr. Harper, but a copy of DPSC’s June 14, 2013 response denying Mr. Harper’s first-step ARP request, indicates that he was seeking a re-calculation of good time credit on .his sentence. Because Mr. Harper was not satisfied with DPSC’s denial of his request, he indicated on the required ARP form that he desired to proceed to step two of the process on June 18, 2013.
Before Mr. Harper received a second-step response from DPSC, however, he filed a petition for judicial review on February 7, 2014, in the Nineteenth Judicial District Court, seeking review of DPSC’s denial of his ARP request. Since Mr. Harper did not attach a copy of DPSC’s final decision to his petition, he was ordered on March 31, 2014, to comply with required district court rules in order to show proof of exhaustion of administrative remedies. Mr. Harper apparently failed to comply with the order, because on March 28/2014, the commissioner for the district court issued a screening report to the district court judge recommending that Mr. Harper’s petition be dismissed without prejudice or service, for lack of subject Rmatter jurisdiction based on a failure to exhaust administrative remedies as required by La. R.S. 15:1172(0 and La. R.S. l&me.[1]
*1080 Prior to the rendition of the district court’s judgment, Mr. Harper filed a traversal to the commissioner’s recommendation on June 12, 2014, to which he attached a copy of the ARP first-step response form where he had indicated his desire to proceed to step two of the ARP process after DPSC denied his first-step request. In his traversal, Mr. Harper contended that DPSC failed to respond to his ARP second step in a timely manner, and therefore, he had the right to seek judicial review of the denial of his ARP request pursuant to La. R.S. 15:1177. Despite the traversal, the district court issued a judgment on June 19, 2014, in accordance with the commissioner’s recommendation, dismissing Mr. Harper’s petition without prejudice. Mr. Harper appeals, arguing that the trial court erred in dismissing his petition because he followed the required ARP process and DPSC’s failure to timely respond to his second step as required by law should not be used to prevent him from obtaining judicial review of DPSC’s action.
LAW AND ANALYSIS
Procedures set out in the Corrections Administrative Remedy Procedure (CARP) provide the exclusive remedy available to inmates alleging an error in computations of good time, among other grievances, with appellate review first at the district court and then the court of appeal.[2] La. R.S. 15:1171(B); La. R.S 5:1177(A)(10);4 Branch v. Louisiana Dept. of Public Safety and Corrections, 2012-0749 (La.App. 1st Cir.12/21/12), 111 So.3d 1059 n. 1; Williams v. Creed, 2007-0614 (La.App. 1st Cir.12/21/07), 978 So.2d 419, 422, writ denied, 2008-0433 (La.10/2/09), 18 So.3d 111. The district court is precluded from entertaining an inmate’s ARP complaint until he has exhausted the remedies provided to him by the ARP process. La. R.S. 15:1172(B) and (C); Blackwell v. Louisiana Dept. of Public Safety and Corrections, 96-0954 (La.App. 1st Cir.2/14/97), 690 So.2d 137, 140-41, writ denied, 97-1158 (La.9/5/97), 700 So.2d 507. If suit is filed prior to exhaustion of administrative remedies, the district court lacks jurisdiction over the matter, and the suit shall be dismissed without prejudice. See La. R.S. 15:1184(A)(2)[3] and La. R.S. 15:1172(0); Rochon v. Young, 2008-1349 (La.App. 1st Cir.2/13/09), 6 So.3d 890, 892, writ denied, 2009-0745 (La.1/29/10), 25 So.3d 824, cert. dismissed, 560 U.S. 921, 130 S.Ct. 3325, 176 L.Ed.2d 1216 (2010).
However, this court has ruled that when the DPSC has effectively precluded an in *1081 mate from proceeding to a review by the district court by failing to issue a timely final decision as directed by the ARP provisions, the administrative remedies will be considered to have been pursued by the inmate to the fullest extent possible under the circumstances, and the inmate will be allowed to seek a legal remedy in the district court or to have the matter remanded for consideration by the DPSC. Black v. Heyse, 2013-0652 (La.App. 1st Cir.5/19/14), 2014 WL 3534013, p. 3 (unpublished). See also Sims v. Wackenhut Health Services, Inc., 97-1147 (La.App. 1st Cir.2/20/98), 708 So.2d 1140, 1143, writ denied, 98-0747 (La.5/1/98), 718 So.2d 417; Edwards v. Bunch, 2007-1421 (La.App. 1st Cir.3/26/08), 985 So.2d 149, 155.
Section 325 of Title 22, Part I, of the Louisiana Administrative Code (LAC) outlines the rules and procedures to be followed in formally addressing inmate complaints under the general ARP process, which includes complaints about good time credit and/or time computation errors. The LAC requires inmates to use the two-step ARP process before they can proceed with a suit in federal or state court. See La. R.S. 15:1176; LAC 22:I.325(D)(1) and (2), (F)(3)(a)(viii), and (J). See also Dickens v. Louisiana Correctional Institute for Women, 2011-0176 (La.App. 1st Cir.9/14/11), 77 So.3d 70, 74; Edwards v. Bunch, 985 So.2d at 152-53. The administrative rules governing the ARP procedure provide that when an inmate has initiated the first step of an ARP, the warden of the institution shall respond within 40 days from the date the request is received, utilizing the first-step response. LAC 22:I.325(J)(l)(a)(ii). The rules further provide that if a second step is utilized by the inmate, a final decision will be made by the secretary of DPSC, and the inmate shall be notified within 45 days of receipt of the inmate’s second-step request, utilizing the second-step response. LAC 22:I.325(J)(l)(a) and (b)(ii). Moreover, subsection (J)(l )(c) provides that no more than 90 days shall elapse from the initiation to completion of the process, unless an extension has been granted and that “[a]bsent such an extension, expiration of response time limits shall entitle the offender to move on to the next step in the process.” (Emphasis added.)
Mr. Harper contends that DPSC did not respond to his second-step ARP within the time required by its own rules. Mr. Harper points out that more than 90 days had elapsed since he initiated his ARP process; thus, he maintains that he was legally entitled to move on to the next step in the process, which was the filing of Ifihis petition for judicial review in the district court. Our review of this limited record reveals that Mr. Harper’s request to proceed to the second step in his ARP process was dated June 18, 2013. However, the record is void of evidence of either DPSC’s receipt of the second-step request or a second-step response by DPSC. Mr. Harper’s petition for judicial review was filed on February 7, 2014, well after the 90-day time period allowed for DPSC’s response. The time limits for responses by DPSC began on the date that the request was assigned to a staff member for the first step response. See LAC 22:I.325(I)(l)(a). Thus, the limited record before us supports Mr. Harper’s contention that the required time limits have lapsed with no action from DPSC on his ARP second step. Furthermore, the record does not show any extension of the time limits. Therefore, since DPSC’s response time limits have long ago expired, we find that Mr. Harper was entitled to move on to the next step in' the ARP process, under the authority of LAC 22:I.325(J)(l)(c). DPSC is required to follow its own guidelines to ensure prompt and fair administration of justice. See Foster v. Louisiana Dept. of Public Safety *1082 & Corrections, ex rel. Louisiana State Penitentiary, 2012-0349 (La.App. 1st Cir.11/2/12), 2012 WL 5386608, p. 3 (unpublished), writ denied, 2013-0070 (La.5/24/13), 117 So.3d 100.[4] Mr. Harper should not now be punished for failing to exhaust his available administrative remedies when DPSC failed to follow the ARP time limit guidelines. See Edwards, 985 So.2d at 155. Thus, Mr. Harper was in a posture to proceed with his suit in the district court.
|7If the district court or this court had a complete record of action taken by DPSC at each step of the ARP, there would be a basis for judicial review of that process. However, there is no such record for the district court or this court to review. All evidence on which Mr. Harper’s ARP complaint is based must be presented at the second step in the administrative review process. Accordingly, in order to allow a complete record of all relevant evidence to be made, we must vacate the district court’s judgment and order the remand of this matter for DPSC to finalize the ARP second-step process regarding LSP-2013-1269. See La. R.S. 15:1177(A)(8). If Mr. Harper is not satisfied upon completion of the ARP process he will have the right to again pursue judicial review in the district court. See La. R.S. 15:1177(A)(l)(a).
CONCLUSION
For the stated reasons, the June 19, 2014 district court judgment is vacated. We remand this matter to the district court with instructions to remand the case to DPSC in accordance with La. R.S. 15:1177(A)(8), for the complete processing of Mr. Harper’s LSP-2013-1269 ARP complaints in compliance with the appropriate administrative procedures. No cost assessment is made at this time.
JUDGMENT VACATED; CASE REMANDED.

. Louisiana Revised Statutes 15:1176 provides, in part: "Before any cause of action may be heard in any state or federal court, administrative remedies must be exhausted under the procedure authorized by this Part.” • Additionally, La. R.S. 15:1172(C) states, in part: "If at the time the petition is filed the administrative remedy process is ongoing but has not yet been completed, the suit shall be dismissed without prejudice.” (Emphasis added.) The office of commissioner of the Nineteenth Judicial District Court was created to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. See La. R.S. 13:713(A).

. We previously outlined the background of CARP in Edwards v. Bunch, 2007-1421 (La.App. 1st Cir.3/26/08), 985 So.2d 149, 152, as follows:
Enacted in 1985, CARP authorized DPSC to adopt and implement an administrative remedy procedure for receiving, hearing, and disposing of any and all inmate complaints and grievances. La. R.S. 15:1171 and 15:1172. As provided in CARP, an offender aggrieved by an adverse decision rendered pursuant to any administrative remedy procedure can institute proceedings for judicial review by filing a petition for judicial review in the Nineteenth Judicial District Court. La. R.S. 15:1177. On review of the agency’s decision, the district court functions as an appellate court. Its review shall be confined to the record and shall be limited to the issues presented in the petition for review and the administrative remedy request filed at the agency level. La. R.S. 15:1177(A)(5). The court may affirm the decision of the agency or remand the case for further proceedings, or order that additional evidence be taken. La. R.S. 15:1177(A)(8).

. Louisiana Revised Statutes 15:1184(A)(2) provides as follows: "No prisoner suit shall assert a claim under state law until such administrative remedies as are available are exhausted. If a prisoner suit is filed in contravention of this Paragraph, the court shall dismiss the suit without prejudice.” (Emphasis added.)

. We distinguish this court’s line of cases that affirm the district court’s dismissal of inmates’ petitions without prejudice when the petition was filed while the administrative review process was ongoing, but not yet completed, or noting that an inmate’s remedy was to file an application for mandamus to force the proper administrative official to respond. Those cases involved either inmate claims that were not covered by the general ARP procedure or there was no issue as to whether the ARP time limit guidelines were followed. See Foster v. Louisiana Department of Public Safety & Corrections, 2012 WL 5386608 at p. 2 (unpublished); Lewis v. Rogers, 2005-1138 (La.App. 1st Cir.6/9/06), 938 So.2d 1025, 1026.