PETTIGREW, J.
|2The appellant, Edward Simmons, is an inmate in the custody of the Louisiana State Department of Public Safety and Corrections (DPSC), housed at the Louisiana State Penitentiary in Angola. He is also a frequent litigator who, in the past few years, has had at least seven filings in this court. He now appeals a November 4, 2015 judgment of the district court that adopted the written recommendation of Commissioner Nicole Robinson and dismissed his petition for judicial review for lack of subject matter jurisdiction based on a failure to exhaust administrative remedies. We vacate the judgment and remand.
The petition for judicial review forming the basis of this appeal was filed on May 12, 2015. It was filed in a different division of the district court, during the pendency of Simmons’ very recent appeal to this court, in which he challenged a January 28, 2015 judgment that dismissed his petition for judicial review based on a failure to exhaust administrative remedies. The incident forming the basis of that matter was a June 19, 2014 incident between Simmons and another inmate, J. Thomas, following which Simmons was written up for a violation of Rule 11 (aggravated fighting). On November 6, 2015, this court rendered an opinion affirming the district court’s judgment of dismissal. Simmons v. Louisiana Department of Public Safety and Corrections, 2015-0676, 2015 WL 6872489 (La. App. 1 Cir. 11/6/15)(unpublished).
This appeal arises out of another petition for judicial review based on another very similar incident that occurred between Simmons and the same inmate, J. Thomas, on December 15, 2014, following which Simmons was written up for being in violation of Rule 10 (fighting). Simmons filed a petition for judicial review with the warden, challenging the Disciplinary Board’s decision regarding the Rule 10 violation. Apparently, Simmons pled guilty pursuant to a plea bargain to avoid being sent to Camp J. Level 1. He filed a request for relief alleging he had been intimidated by the Board into accepting the plea bargain and raising the same arguments asserted by him in the prior matter regarding allegations that prison officials had orchestrated the incidents between the other inmate and him. That initial grievance was denied in a decision dated February 25, 2015, rendered by the warden, who found Simmons presented nothing to justify reversal | ¡¡or modification of the decision of the Board. That decision contained separate “INSTRUCTIONS TO OFFENDER” that provided:
This decision constitutes the final administrative decision of the agency. The Secretary will only consider appeals from decisions which resulted in imposed or suspended sentences of one or more of the following penalties: ....
*419 Since none of these penalties were imposed, this decision can not (sic) be appealed to the Secretary.
Simmons proceeded to file a petition for judicial review. The Commissioner’s screening report reflects findings that Simmons did not suffer the loss of a substantial right as a result of his plea and that he failed to provide a copy of the final agency decision in the form of a decision from the Secretary, rendering the petition premature. The Commissioner recommended that the appeal be dismissed for lack of jurisdiction and failure to exhaust administrative remedies. The district court adopted the Commissioner’s recommendations, and rendered the November 4, 2015 judgment underlying this appeal.
On appeal, Simmons asserts that the district court erred in finding he had failed to exhaust his administrative remedies because he did not include a .copy of the Secretary’s decision, as the final agency decision. He refers the court to the notation on the warden’s decision advising him that because none of the listed penalties had been imposed, the warden’s decision was the final agency decision, and he could not appeal the decision to the Secretary. To the extent that the district court so found, we agree with Simmons. It would be impossible, in Simmons’ case, to attach a copy of the Secretary’s decision, because he had been notified in writing that he did not have a right to appeal to the Secretary and that the warden’s decision was the final agency decision.
The State has not filed any pleadings in this matter, neither at the district level nor on appeal. Our review of the record, the applicable law, and the jurisprudence reveals no legal authority for the “INSTRUCTIONS TO OFFENDER” provision annexed to the warden’s decision, rendering that opinion the final agency decision and leaving the offender with no right of appeal. Such a limitation violated both the statutory and the regulatory mandates of the Corrections Administrative Remedy Procedure (CARP). La. R.S. 15:1172(B) and (C); 22 La. Admin. Code Pt.1, § 325. J.1 and 2. Both require the | ¿offender to complete a two-step response process prior to appealing to the district court level. Because the State has not shown any legal authority, nor has this court found any, for violating the offender’s administrative remedy procedure by precluding him from taking the second-step response by appeal to the Secretary, Simmons is entitled to the remedy allowed by law. Both the commissioner and the district court erred in dismissing Simmons’ action based on his failure to exhaust the administrative remedy second-step response, when such failure was due to the unlawful information with which he had been instructed.
This court has ruled that when the DPSC has effectively precluded an inmate from proceeding to a review by the district court by failing to issue a timely final decision as directed by the CARP provisions, the inmate will be allowed to seek a legal remedy in the district court or to have the matter remanded for consideration by the DPSC. Harper v. Louisiana Dept. of Public Safety and Corrections, 2014-1320 (La.App. 1 Cir. 3/12/15), 166 So.3d 1078, 1080-81. We find the same applied in this situation. Simmons was precluded by DPSC, without legal authority, from proceeding to his second-step response. Through no fault of his own, he was unable to exhaust this step of his administrative remedy review prior to appealing to the district court. The district court’s judgment dismissing Simmons’ appeal for failure to exhaust his administrative remedies is hereby vacated. We find it proper to remand to the district court with instructions to either remand to DPSC in *420 accordance with La. R.S. 15:1177(A)(8) and allow Simmons to exercise his statutory-right to a second-step response, or for proceedings consistent herewith for additional evidence, whichever the district court in its discretion deems appropriate. No cost assessment is made at this time.
JUDGMENT VACATED; CASE REMANDED.