# NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

2020 CA 0100

JOHNNY STEPHENS

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC
SAFETY AND CORRECTIONS

Judgment Rendered: **NOV 0 9 2020**

* * * * * * *

Appealed from the Nineteenth Judicial District Court,
In and for the Parish of
East Baton Rouge
State of Louisiana
Docket Number 688007

Honorable Timothy E. Kelley, Judge

* * * * * * *

Johnny Stephens                                 Pro Se Appellant
Cottonport, Louisiana


Jonathan R. Vining                              Attorney for Defendant/Appellee
Baton Rouge, Louisiana                          Louisiana Department of Public
                                                Safety and Corrections


**BEFORE: McDONALD, HOLDRIDGE, and PENZATO, JJ.**

**McDONALD, J.**

This is an appeal from a district court judgment dismissing a petition for judicial review filed by an inmate asserting that he was eligible for a parole hearing. After review we amend, and as amended, affirm.

## FACTS AND PROCEDURAL HISTORY

Johnny Stephens, an inmate in the custody of the Department of Safety and Corrections (the Department) filed Administrative Remedy Procedure (ARP) request No. DWCC-2019-0592, stating that he was eligible for parole pursuant to La. R.S. 15:574.4 and "Act 253,"[1] and asking for a parole hearing. The ARP was rejected by the Warden. The rejection stated that "Parole Board matters are not appealable through the ARP system." A letter to Stephens from the David Wade Correctional Center records office noted that:

> The law you refer to is Act 253 which was passed in 2011 and became effective 8.15.2011. It excluded those convicted of a violent crime or sex offense; therefore, you are ineligible for consideration under that law.
>
> Your parole eligibility date of 10.17.2026 is correct. You must serve 85% of your 20-year sentence (crime of violence) plus 5 years on your 10-year sentence before being eligible.

Stephens thereafter filed a petition for judicial review. Stephens maintained that, pursuant to La. R.S. 15:574.4, he was eligible for parole as he had reached the age of sixty and had served ten years of incarceration. He argued that he had been

---

[1] Louisiana Acts 2011, No. 253, Section 1 enacted La. R.S. 15:574.4(A)(4), which provides in part:

> Notwithstanding any other provision of law to the contrary, unless eligible for parole at an earlier date, a person committed to the Department of Public Safety and Corrections for a term or terms of imprisonment with or without benefit of parole who has served at least ten years of the term or terms of imprisonment in actual custody shall be eligible for parole consideration upon reaching the age of sixty years if all of the following conditions are met:

> (a) The offender has not been convicted of a crime of violence as defined in R.S. 14:2(B) or a sex offense as defined in R.S. 15:541, or convicted of an offense which would constitute a crime of violence as defined in R.S. 14:2(B) or a sex offense as defined in R.S. 15:541, regardless of the date of conviction.

2

incarcerated for aggravated incest, which was not listed under La. R.S. 15:541[2], and that he had met all the other requirements of La. R.S. 15:574.4. He maintained that he was sixty-two years old and had been incarcerated for thirteen years and nine months. He asked that the court compel the administration at David Wade Correctional Center to submit his name for parole consideration to the Board of Parole.

The Nineteenth Judicial District Court Commissioner[3] reviewed the petition and noted that pursuant to La. R.S. 15:574.11(A),[4] decisions regarding parole fall under the sole discretion of the Parole Board. The Commissioner reasoned that the administration at David Wade Correctional Center could not grant Stephens the relief he sought, nor could the Department or the court grant him the relief he sought. Thus, the Commissioner recommended that the district court dismiss the appeal, with prejudice, for failure to state a cause of action. Thereafter, the district court dismissed the petition for judicial review with prejudice for failure to state a cause of action and for lack of subject matter jurisdiction. Stephens appeals that judgment.

---

[2] Presumably, Stephens maintains that aggravated incest is not listed as a sex offense in La. R.S. 15:541 which provides definitions for the Louisiana Code of Criminal Procedure, Chapter 3-B. However, we note that the elements of incest and aggravated incest were incorporated into the provisions of crimes against nature and aggravated crimes against nature. La. R.S. 14:89.1(E); *See* **State v. Robinson**, 19-0490 (La. App. 1 Cir. 12/12/19), 295 So.3d 961, 963, *writ denied*, 20-00089 (La. 3/9/20), 294 So.3d 483.

[3] The office of Commissioner of the Nineteenth Judicial District Court was created by La. R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. The Commissioner's written findings and recommendations are submitted to a district court judge, who may accept, reject, or modify them. La. R.S. 13:713(C)(5).

[4] Louisiana Revised Statute 15:574.11(A) provides:

> Parole is an administrative device for the rehabilitation of prisoners under supervised freedom from actual restraint, and the granting, conditions, or revocation of parole rest in the discretion of the committee on parole. No prisoner or parolee shall have a right of appeal from a decision of the committee regarding release or deferment of release on parole, the imposition or modification of authorized conditions of parole, the termination or restoration of parole supervision or discharge from parole before the end of the parole period, or the revocation or reconsideration of revocation of parole, except for the denial of a revocation hearing under R.S. 15:574.9.

In his sole assignment of error, he maintains that he is over sixty years of age and he has served over ten years of his sentence, thus he has met all of the conditions set forth in La. R.S. 15:574.4(A)(4). He maintains that the process for parole should begin, a hearing date should be established, and his parole eligibility date on his master prison record should be changed.

## DISCUSSION

Our review of the record shows only a first-step ARP filing and a response from the Warden, which was appealed by petition for judicial review. As noted by this court in **Collins v. Vanny**, 14-0675 (La. App. 1 Cir. 1/15/15), 169 So.3d 405, 406-407:

> The rules and procedures promulgated by [the Department] are set forth in Section 325 of Title 22, Part I of the Louisiana Administrative Code. Pursuant to these rules, offenders must exhaust a two-step ARP before they can proceed with a suit in federal or state court. *See* La. R.S. 15:1176; LAC 22:I.325F(3)(a)(viii); **Dickens v. Louisiana Corr. Inst. for Women**, 11-0176 (La.App. 1 Cir. 9/14/11), 77 So.3d 70, 74; **Edwards v. Bunch**, 07-1421 (La.App. 1 Cir. 3/26/08), 985 So.2d 149, 152-53. When an inmate has initiated the first step of an ARP, the warden is required to respond within 40 days from the date the request is received at the first step, using the first step response. LAC 22:I.325J(1)(a)(ii). An inmate who is not satisfied with the warden's first step response may proceed to the second step ARP and appeal to the secretary of [the Department]. The final decision of the secretary or his designee shall be made and the offender shall be sent a response within 45 days from the date the request is received at the second step, utilizing the second step response. LAC 22:I.325J(1)(b)(ii). No more than 90 days from the initiation to completion of the process shall elapse, unless an extension has been granted. Absent such an extension, expiration of response time limits shall entitle the offender to move on to the next step in the process. LAC 22:I.325J(1)(c).
>
> If an inmate fails to exhaust available administrative remedies, the district court and the appellate court lack subject matter jurisdiction to review the claim. **Dickens**, 77 So.3d at 75; **Walker v. Appurao**, 09-0821 (La.App. 1 Cir. 10/23/09), 29 So.3d 575, 577, *writ denied*, 09-2822 (La.3/5/10), 28 So.3d 1010; *see also* **Swanson v. Dep't of Pub. Safety & Corr.**, 01-1066 (La.App. 1 Cir. 6/21/02), 837 So.2d 634, 637.

If suit is filed prior to exhaustion of administrative remedies the suit shall be dismissed without prejudice. *See* La. R.S. 15:1184(A)(2) and La. R.S. 15:1172(C); **Harper v. Louisiana Dept. of Public Safety and Corrections**, 14-1320 (La. App. 1 Cir. 3/12/15), 166 So.3d 1078, 1080.

This is an appeal from a first-step response. As Stephens has failed to exhaust his administrative remedies, the district court and this court lack subject matter jurisdiction to review the claim, and the claim shall be dismissed without prejudice. *See* **Collins**, 169 So.3d at 407; **Harper**, 166 So.3d at 1080.

## DECREE

For the foregoing reasons, the trial court judgment dismissing the petition for judicial review is amended to provide that the petition is dismissed without prejudice. As amended, the judgment is affirmed. Costs are assessed against the appellant, Johnny Stephens.

**AMENDED, AND AS AMENDED, AFFIRMED.**