NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2023 CA 0304

AUSTIN MOTT #172053

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS

*Judgment Rendered:* SEP 15 2023

* * * * * * * *

Appealed from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Case No. C717601, Sec. 29

The Honorable Kelly E. Balfour, Judge Presiding

* * * * * * * *

Austin Mott #172053
Angola, Louisiana

Plaintiff/Appellant
Pro Se

Jonathan Vining
Baton Rouge, Louisiana

Counsel for Defendant/Appellee
Louisiana Department of Public
Safety and Corrections

* * * * * * * *

BEFORE: THERIOT, PENZATO, AND GREENE, JJ.

**THERIOT, J.**

Austin Mott, an inmate incarcerated within the Louisiana Department of Public Safety and Corrections ("DPSC"), appeals a district court judgment dismissing his Petition for Writ of Mandamus. For the reasons set forth herein, we reverse in part, modify, and affirm in part.

## FACTS AND PROCEDURAL HISTORY

On November 16, 2021, Mott filed Administrative Remedy Procedure ("ARP") No. LSP-2021-2918, complaining that he is wheelchair-dependent and was moved to a dorm with showers that are not properly equipped with hand rails. He alleged that on November 12, 2021, his "legs and back gave out" while he was attempting to shower in the improperly equipped shower, causing him to fall. He requested that the showers be equipped for the handicapped. He further requested compensation for his "pain and suffering [and] mental anguish" and removal of Warden C. Smith "due to him having full knowledge of the shower area way ahead of this happening." Mott's ARP was accepted on November 30, 2021, and he was notified that a response would be issued within forty days. The First Step Response to his ARP, dated December 22, 2021, states:

> LSP is in the process of providing additional wheelchair/handicap accessible dormitories. The restoration of these areas should be completed in the near future.
>
> Your request for the showers to be equipped for the handicapped is in the process of being granted.
>
> Your request for monetary compensation cannot be granted at this level.
>
> Your complaints and concerns with Security is not a medical issue and would be better addressed through the Security Department.
>
> Your request for handicap equipment in the shower area is in the process of being completed.

Mott acknowledged receipt of the First Step Response on January 12, 2022, and indicated his dissatisfaction with the response on the form, noting that he

2

wished to proceed to Step Two because two months had passed since his initial fall in the shower and he was still having difficulty showering because the installation of handicap equipment in the showers had not been completed. In addition to expressing his dissatisfaction with the First Step Response, Mott's request to proceed to Step Two included a new complaint not previously raised in his ARP ("I'm being charged for medical visits that I don't get to see a doctor or nurse.") Mott's request to proceed to Step Two was received by DPSC on February 10, 2022.

On April 7, 2022, Mott filed a Petition for Writ of Mandamus in the 19th Judicial District Court, alleging that DPSC had failed to issue a timely response to his request to proceed to Step Two and asking the court to order DPSC "to produce the required administrative responses and documents which will exhaust his administrative remedies, permitting him to proceed to the next level of redress in judicial review." Mott further requested that the court treat his petition as a request for writ of mandamus and not a petition for judicial review, since the administrative record lacked the necessary responses to his ARP for judicial review.

DPSC issued a Second Step Response on April 25, 2022, informing Mott that his complaint raised in ARP No. LSP-2021-2918 had been reviewed by the ADA Director. With regard to his request to have the showers in his dormitory equipped for people with disabilities, the Second Step Response noted that this request had been granted at the First Step, further explaining, "[y]ou are currently housed in Ash 3, which is handicap accessible[;] this adjustment provides you with the remedy requested, as well as equal opportunity within the facility." Regarding Mott's new complaint relating to charges for medical visits, the Second Step Response explained that applicable regulations and directives provide that offenders shall be charged for each self-initiated request for healthcare services.

3

Finally, the Second Step Response informed Mott that his request for monetary damages for pain, suffering, and mental anguish "is denied at this level."

DPSC filed an answer to Mott's Petition for Writ of Mandamus on May 19, 2022, requesting that the district court dismiss Mott's petition with prejudice at his cost because Mott's request had been granted at the First Step and all available administrative remedies in ARP No. LSP-2021-2918 had been exhausted. DPSC filed the entire administrative record with its answer (including the Second Step Response issued 18 days after Mott's mandamus petition was filed).

In response to a briefing order issued by the Commissioner of the 19th Judicial District Court,[1] Mott filed a brief on the merits on July 19, 2022, denying DPSC's allegation that his grievance had been resolved by the First Step Response. Mott argued that although the First Step Response allegedly granted the relief he requested, he had elected to proceed to the Second Step because he was still unable to shower safely over two months after his initial fall. Mott acknowledged that he had been moved to a different dormitory (Ash 3) some time after he submitted his request to proceed to Step Two, but alleged that Ash 3 was in the process of being "retrofitted for handicap accommodations" and still did not have handicap-accessible showers. According to Mott, it was not until after his petition for writ of mandamus was filed on April 7, 2022, that handicap-accessible showers were available to him in Ash 3. However, since handicap-accessible showers have been provided in his dormitory, Mott agreed with DPSC's assertion that his request for mandamus is moot. Mott requested that his petition be dismissed as moot and that DPSC be cast with all costs, since it "failed to timely provide a 2nd Step [Response] in ARP-LSP-2021-2918 and only did so after [Mott was] forced to seek relief through Writ of Mandamus."

---

[1] The office of the Commissioner of the 19th JDC was created by La. R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. The Commissioner's written findings and recommendations are submitted to a district judge, who may accept, reject, or modify them. *Allen v. Louisiana Department of Public Safety & Corrections*, 2020-0445, P. 3, n.2 (La.App. 1 Cir. 2/19/21), 320 So.3d 1175, 1176 n.2.

4

The Commissioner issued a report on September 27, 2022, recommending that Mott's Petition for Writ of Mandamus be dismissed as moot, with prejudice, and that Mott be cast with costs. The Commissioner's report noted that the only request for relief that could be addressed in the First Step Response, i.e., the request for access to properly equipped showers, was addressed in the First Step Response and had been granted in the sense that Mott was told that the showers would be made accessible in the "near future." The Commissioner further noted that Mott's request to proceed to Step Two "merely shows [Mott] was not satisfied with the speed with which the showers were being converted." Since the Commissioner concluded that Mott's request had been granted by the promise of handicap-accessible showers in the near future, she further concluded that "there was no need for [Mott] to appeal to the second step and therefore no justiciable issue presented to this Court relative to the merits of his initial grievance." The Commissioner recommended that Mott be cast with all costs of the proceeding because he "failed to show the Department was required to response [sic] at the second step."

By judgment dated November 28, 2022, the district court dismissed Mott's petition for mandamus with prejudice as moot and assessed all costs associated with the suit to Mott, adopting the Commissioner's report as its reasons for judgment. Mott filed a motion requesting that the district court reconsider and modify its judgment in order to cast DPSC with costs, since DPSC's failure to timely respond to his request to proceed to Step Two necessitated the filing of his petition. Mott's motion also alleged that he had been denied due process because he had not been provided a copy of the Commissioner's report or an opportunity to submit a traversal on the issue of the assessment of costs. Mott's motion was denied, and he filed the instant appeal.

5

On appeal, Mott argues that the district court abused its discretion in casting him with costs of the proceeding, since DPSC's failure to respond to his ARP timely necessitated the filing of his petition for mandamus. He further argues that he was denied due process in the district court because he was not provided with a copy of the Commissioner's report prior to being cast with all costs of the proceeding.[2]

## DISCUSSION

The procedures set forth in the Corrections Administrative Remedy Procedure provide the exclusive remedy available to inmates for receiving, hearing, and disposing of complaints and grievances that arise while the inmate is within the custody or under the supervision of DPSC, with appellate review first in the district court and then the court of appeal. La. R.S. 15:1171(B); La. R.S. 15:1177(A)(10); *Harper v. Louisiana Department of Public Safety & Corrections*, 2014-1320, p. 3 (La.App. 1 Cir. 3/12/15), 166 So.3d 1078, 1080. The district court is precluded from entertaining an inmate's ARP complaint until he has exhausted the remedies provided to him by the ARP process. *Harper*, 2014-1320 at p. 4, 166 So.3d at 1080. If suit is filed prior to exhaustion of administrative remedies, the district court lacks jurisdiction over the matter, and the suit shall be dismissed without prejudice. See La. R.S. 15:1184(A)(2) and La. R.S. 15:1172(C); *Harper*, 2014-1320 at p. 4, 166 So.3d at 1080. However, the jurisprudence holds that when DPSC has effectively precluded an inmate from proceeding to a review by the district court by failing to issue a timely final decision as directed by the ARP provisions, the administrative remedies will be considered to have been pursued by the inmate to the fullest extent possible under the circumstances, and the inmate will be allowed to seek a legal remedy in the district court or to have the matter

---

[2] Louisiana Revised Statutes 13:713(C) provides that the Commissioner shall file his proposed findings and recommendations with the district court, with a copy mailed to all parties or their counsel of record, and thereafter, any party may file a traversal of the Commissioner's findings or recommendations for consideration by the district court. It is unclear from the record before us whether the Commissioner's report was mailed to Mott; however, due to our disposition of this matter, we need not address this assignment of error.

6

remanded for consideration by DPSC. *Harper*, 2014-1320 at p. 4, 166 So.3d at 1080-81.

The rules and procedures to be followed in formally addressing inmate complaints under the general ARP process are set forth in LAC 22:I.325. Through use of the ARP procedures, inmates shall receive reasonable responses and, where appropriate, meaningful remedies. LAC 22:I.325(D)(3). Inmates are required to exhaust all available administrative remedies using the two-step ARP process before they can proceed with a suit in federal or state court. Exhaustion can only occur when a Second Step Response on the merits has been issued. See La. R.S. 15:1176; LAC 22:I.325(D)(1) and (2), (F)(3)(a)(viii), and (J).

Pursuant to the procedure set forth in LAC 22:I.325, when an inmate has initiated the First Step of an ARP, the warden of the institution shall respond within 40 days from the date the request is received, utilizing the First Step Response Form. LAC 22:I.325(J)(1)(a)(ii). An inmate who is dissatisfied with the First Step Response may appeal to the DPSC Secretary by indicating that he is not satisfied in the appropriate space on the First Step Response Form and forwarding it to the ARP screening officer within five days of receipt of the decision. LAC 22:I.325(J)(1)(a) and (b)(i). If a Second Step is utilized by the inmate, a final decision will be made by the DPSC Secretary, and the inmate shall be notified within 45 days of receipt of the inmate's Second Step Request, utilizing the Second Step Response Form. LAC 22:I.325(J)(1)(b)(ii). In addition to the time limits established for each step in the ARP process, LAC 22:I.325(J)(1)(c) provides that no more than 90 days shall elapse from the initiation to completion of the process, unless an extension has been granted. Absent such an extension, expiration of response time limits shall entitle the inmate to move on to the next step in the process. LAC 22:I.325(J)(1)(c).

7

At the time Mott filed his petition for mandamus, the 45-day time limit for a Second Step Response had expired, and more than 90 days had passed since Mott's initiation of the ARP process. There is no indication in the record that an extension of the deadlines was requested by or granted to any party. As previously noted, where DPSC has effectively precluded an inmate from proceeding to a review by the district court by failing to issue a timely decision as directed by the ARP provisions, the administrative remedies will be considered to have been pursued by the inmate to the fullest extent possible under the circumstances, and the inmate will be allowed to seek a legal remedy in the district court or to have the matter remanded for consideration by DPSC. *Harper*, 2014-1320 at p. 4, 166 So.3d at 1080-81; *Black v. Heyse*, 2013-0652, p. 5 (La.App. 1 Cir. 5/19/14), 2014WL3534013, *3 (unpublished opinion). Mott's request for a writ of mandamus directing the Secretary of DPSC to issue a Second Step Response was appropriate under these circumstances. See *Foster v. Louisiana Department of Public Safety & Corrections ex rel. Louisiana State Penitentiary*, 2012-0349, p. 7 (La.App. 1 Cir. 11/2/12), 2012WL5386608, *3 (unpublished opinion), *writ denied*, 2013-0070 (La. 5/24/13), 117 So.3d 100 (Where DPSC fails to respond to an ARP in accordance with its own guidelines, the inmate's remedy is to file an application for mandamus to force the proper administrative official to respond); see also La. C.C.P. arts. 3861-3866.

Although Mott acknowledged that his petition for mandamus relief was rendered moot by the subsequent issuance of the Second Step Response, he argues on appeal that it was an abuse of discretion for the district court to assess the costs of the proceeding to him under the circumstances.

Louisiana Code of Civil Procedure article 1920 states that, "[u]nless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause. Except as otherwise provided by law, the court may

8

render judgment for costs, or any part thereof, against any party, as it may consider equitable." Although the general rule is that the party cast in judgment should be assessed with court costs, the trial court may assess costs in any equitable manner and against any party in any proportion it deems equitable, even against the party who prevailed on the merits. *Reed v. Louisiana Department of Public Safety & Corrections*, 2020-0091, p. 2 (La.App. 1 Cir. 11/2/20), 2020WL6390526, *writ denied*, 2020-01385 (La. 1/12/21), 308 So.3d 710. Moreover, upon review, an appellate court will not disturb the trial court's fixing of costs absent an abuse of the sound discretion afforded the trial court. *Id.* The trial court has great discretion in matters relating to the assessment of costs. See *Harris v. City of Baton Rouge*, 2016-0163, p. 3 (La.App. 1 Cir. 12/22/16), 209 So.3d 405, 408, *writ denied*, 2017-00155 (La. 3/31/17), 217 So.3d 360.

The district court's rationale for assessing costs to Mott was seemingly based on a conclusion that Mott was not entitled to proceed to the Second Step or to receive a Second Step Response because his request for handicap-accessible showers had technically been granted in the First Step Response, with the actual handicap-accessible showers to be provided in the "near future." However, the right to proceed to the Second Step is not limited to cases where an inmate's request is rejected in its entirety. The Louisiana Administrative Code provides that "[a]n offender who is dissatisfied with the first step response . . . may appeal to the secretary of [DPSC]." LAC 22:I.325(J)(1)(b)(i). As Mott explained in his request to proceed to Step Two, he was dissatisfied with the First Step Response because he was still housed in a dormitory without handicap-accessible showers more than two months after his initial fall. As an inmate who was dissatisfied with the First Step Response, Mott was entitled to request review at the next step. See LAC 22:I.325(J)(1)(b)(i). Additionally, the Louisiana Administrative Code provides that "[a]t each stage of decision and review, offenders will be provided written

9

answers that explain the information gathered or the reason for the decision reached along with simple directions for obtaining further review." LAC 22:I.325(F)(3)(a)(vii). Accordingly, Mott was entitled to receive a response to his request to proceed to the Second Step.

As this court has previously held, DPSC is required to follow its own guidelines to ensure prompt and fair administration of justice. *Harper*, 2014-1320 at p. 6, 166 So.3d at 1081. When Mott filed his Petition for Writ of Mandamus on April 7, 2022, 56 days had passed since his request to proceed to the Second Step was received by DPSC, and 142 days had passed since the initiation of his ARP. Accordingly, since DPSC failed to respond to Mott's ARP within its own guidelines, Mott was entitled to move on to the next step in the process, and his request for mandamus relief was appropriate under the circumstances. See LAC 22:I.325(J)(1)(c); *Foster*, 2012-0349 at p. 7, 2012WL5386608, *3. Despite the fact that Mott's suit was ultimately dismissed as moot, under the circumstances of this case, the district court abused its discretion in assessing costs to Mott. See *Butler v. Louisiana Department of Public Safety & Corrections*, 2022-00844, p. 1 (La. 11/1/22), 348 So.3d 1278, 1278-79 (where an inmate's petition for mandamus, which was filed after DPSC failed to respond to his ARP within the applicable time limits, was dismissed as moot when DPSC subsequently provided a response to the ARP, the Louisiana Supreme Court reversed the district court's assessment of costs to the inmate and modified the judgment to assess all costs to DPSC); see also *Reed, supra* (upholding district court's assessment of costs to DPSC where inmate's petition for mandamus relief, filed as a result of DPSC's failure to respond to ARP within time limits, was later dismissed as moot), and *Taylor v. Louisiana Department of Public Safety & Corrections*, 2020-0095 (La.App. 1 Cir. 11/12/20), 316 So.3d 32, *writ denied*, 2020-01424 (La. 2/9/21), 310 So.3d 170 (same).

## DECREE

The November 28, 2022 judgment is reversed insofar as it assesses costs to Mott, and the judgment is modified to assess costs to defendant, the Louisiana Department of Public Safety and Corrections. The judgment is affirmed in all other respects. Costs of this appeal, in the amount of $713.00, are assessed to the Louisiana Department of Public Safety and Corrections.

**REVERSED IN PART; MODIFIED; AND AFFIRMED IN PART.**

11