NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2023 CA 1238

DERRICK JEROME ALLEN

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS

*Judgment Rendered:* JUN 1 4 2024

* * * * * * * *

Appealed from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Case No. C-729927, Section 22

The Honorable Beau Higginbotham, Judge Presiding

* * * * * * * *

| | |
|---|---|
| Derrick Jerome Allen<br>Angie, Louisiana | Plaintiff/Appellant<br>Pro Se |
| Jonathan R. Vining<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellee<br>Louisiana Department of Public<br>Safety and Corrections |

* * * * * * * *

BEFORE: THERIOT, PENZATO, AND GREENE, JJ.

**THERIOT, J.**

In this case, an inmate appeals the dismissal of his petition for judicial review based on a lack of subject matter jurisdiction. For the reasons set forth herein, we affirm.

## FACTS AND PROCEDURAL HISTORY

On March 16, 2023, Derrick Jerome Allen, an inmate in the custody of the Louisiana Department of Public Safety and Corrections, filed a petition in the 19th Judicial District Court seeking judicial review of the rejection of his Administrative Remedy Procedure ("ARP") No. RCC-2023-138 in accordance with La. R.S. 15:1177. Allen's petition for judicial review asserted that his ARP No. RCC-2023-138, which contained "assertions that this prison and its staff is [sic] promoting homosexuality," was rejected during screening on the grounds that it did not relate to a specific incident or affect him. Neither Allen's request for an administrative remedy nor the rejection of his ARP were attached to his petition for judicial review.[1]

The Commissioner[2] issued an order on March 23, 2023, giving Allen fifteen days to provide written proof of exhaustion of his administrative remedies by attaching the original or a copy of the final or latest decision of the Agency sought to be reviewed and informing him that his suit may be dismissed if he fails to do so. A copy of the Commissioner's order was mailed to Allen on March 27, 2023. Allen filed a response to the Commissioner's order on April 10, 2023, in which he asserted that his administrative remedies were exhausted in ARP No. RCC-2023-138 when his ARP was rejected. However, he again failed to include any documentation of the rejection of his ARP.

---

[1] The Petition for Judicial Review form states that "YOU *MUST ATTACH* TO THIS PETITION *A COPY OF THE FINAL DECISION* BY THE DEPARTMENT. (failure to comply will delay this appeal)."

[2] The office of the Commissioner of the 19th JDC was created by La. R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. The Commissioner's written findings and recommendations are submitted to a district judge, who may accept, reject, or modify them. *Allen v. Louisiana Department of Public Safety & Corrections*, 2020-0445, p. 3 n.2 (La.App. 1 Cir. 2/19/21), 320 So.3d 1175, 1176 n.2.

2

The Commissioner issued a Screening Report on May 17, 2023, recommending that Allen's petition for judicial review be dismissed in accordance with La. R.S. 15:1172(C), without prejudice and at Allen's costs, for lack of subject matter jurisdiction based on a failure to provide proof of exhaustion of his administrative remedies.

On May 22, 2023, Allen filed a supplemental response to the Commissioner's order and attached the February 27, 2023 notice that his ARP No. RCC-2023-138 was rejected. Thereafter, on June 1, 2023, Allen filed a traversal to the Commissioner's findings, arguing that his petition should not be dismissed for lack of subject matter jurisdiction because he had provided the required proof of exhaustion of his administrative remedies by filing a copy of the February 27, 2023 rejection of his ARP.

The district court issued a judgment on August 15, 2023, adopting the Commissioner's recommendation and dismissing Allen's petition without prejudice for lack of subject matter jurisdiction based on a failure to provide proof of exhaustion of all administrative remedies. This appeal followed, in which Allen argues that the trial court erred in dismissing his petition because he provided the required proof that he had exhausted his administrative remedies.

**DISCUSSION**

The procedures set forth in the Corrections Administrative Remedy Procedure provide the exclusive remedy available to inmates for receiving, hearing, and disposing of complaints and grievances that arise while the inmate is within the custody or under the supervision of DPSC, with appellate review first in the district court and then the court of appeal. La. R.S. 15:1171(B); La. R.S. 15:1177(A)(10); LAC 22:I.325; *Harper v. Louisiana Department of Public Safety & Corrections*, 2014-1320, p. 3 (La.App. 1 Cir. 3/12/15), 166 So.3d 1078, 1080. Offenders may request administrative remedies to situations arising from policies,

conditions, or events within the institution that affect them personally, including discrimination based on disability. LAC 22:I.325(F)(1).

Once an offender initiates the formal ARP process, the grievance is screened prior to being assigned to the first step in the two-step ARP process. LAC 22:I.325(I)(1). Through the screening process, the grievance is either accepted and processed or rejected for one of the reasons enumerated in LAC 22:I.325(I)(1)(c)(i)(a)-(l). An offender whose grievance is rejected during screening must correct the noted deficiencies and resubmit the request to the ARP screening officer. LAC 22:I.325(I)(1)(c)(iii); *Allen v. Louisiana Department of Public Safety & Corrections*, 2020-0445, p. 4 (La.App. 1 Cir. 2/19/21), 320 So.3d 1175, 1177.

The district court is precluded from entertaining an inmate's ARP complaint until he has exhausted the remedies provided to him by the ARP process. *Harper*, 2014-1320 at p. 4, 166 So.3d at 1080. If suit is filed prior to exhaustion of administrative remedies, the district court lacks jurisdiction over the matter, and the suit shall be dismissed without prejudice. See La. R.S. 15:1184(A)(2) and La. R.S. 15:1172(C); *Allen*, 2020-0445 at p. 4, 320 So.3d at 1177.

Proper exhaustion of administrative remedies only occurs when an offender files a timely and procedurally proper request for remedy, which after it is accepted, is addressed on the merits at both the first and second step. A request for administrative remedy which is rejected in the screening process is not considered properly exhausted, as such request has not been addressed on its merits at either of the two steps. LAC 22:I.325(E)(*Exhaustion*); see also LAC 22:I.325(F)(3)(a)(viii).

Accordingly, since Allen's ARP was rejected in the screening process and not addressed on the merits, his administrative remedies have not been exhausted and the district court did not have subject matter jurisdiction to consider the petition for judicial review. See *Allen*, 2020-0445 at p. 4, 320 So.3d at 1177.

**DECREE**

For the reasons set forth herein, the August 15, 2023 screening judgment of the district court dismissing Derrick Jerome Allen's petition for judicial review without prejudice for lack of subject matter jurisdiction is affirmed. Costs of this appeal are assessed to Derrick Jerome Allen.

**AFFIRMED.**