NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2024 CA 0532

DERRICK JEROME ALLEN

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS

*Judgment Rendered:* DEC 27 2024

* * * * * * * *

Appealed from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Case No. 693381

The Honorable Ronald Johnson, Judge Presiding

* * * * * * * *

Derrick Jerome Allen      Plaintiff/Appellant
Angie, Louisiana      *Pro Se*

Jonathan R. Vining      Counsel for Defendant/Appellee
Baton Rouge, Louisiana      Louisiana Department of Public
Safety and Corrections

* * * * * * * *

BEFORE: THERIOT, CHUTZ, AND HESTER, JJ.

**THERIOT, J.**

In this case, Derrick Jerome Allen appeals the dismissal of his petition for judicial review, which was related to a request under Louisiana's Administrative Remedy Procedure ("ARP"). For the reasons set forth herein, we vacate the trial court's April 12, 2024 judgment and affirm the trial court's March 14, 2024 judgment.

## FACTS AND PROCEDURAL HISTORY

On January 29, 2020, Derrick Jerome Allen, an inmate in the custody of the Louisiana Department of Public Safety and Corrections ("DPSC"), filed a petition in the 19th Judicial District Court ("JDC") seeking judicial review of the rejection of his Administrative Remedy Procedure No. LSP-2019-3131 ("ARP 3131") in accordance with La. R.S. 15:1177.

Allen filed ARP 3131 in December 2019, alleging that DPSC failed to investigate sexual assault allegations made by Allen against Lieutenant Freda Gee, an employee of DPSC. Allen also alleged in ARP 3131 that DPSC employee Lieutenant Colonel William Rosso made certain statements about the sexual assault investigation that conflicted with a subsequent response received by Allen. Based upon the purportedly conflicting statements, Allen alleged that Lt. Col. Rosso was guilty of malfeasance in office, obstruction of justice, and falsifying documents.

The statements referred to are contained within DPSC's responses to two of Allen's previously-filed ARPs, ARP. No. LSP-2019-0827 ("ARP 0827") and ARP No. LSP-2019-1085 ("ARP 1085"). Relevantly, ARP 0827 involved Allen's sexual assault allegations against Lt. Gee. DPSC investigated Allen's sexual assault allegations pursuant to the Prison Rape Elimination Act[1] ("PREA"), after which DPSC concluded that Allen's allegations were unsubstantiated. The other

---

[1] See LAC 22:1.325(D)(2).

2

relevant ARP, ARP 1085, related to certain claims made by Allen against another DPSC employee, Colonel Luke Rheams.[2]

DPSC rejected ARP 3131, which is at issue in this appeal, at the first step of the ARP process on December 23, 2019. DPSC provided the following reason for the rejection, "Your [application] is being rejected [because] you [cannot] file an ARP on an incident that you have filed on previously. The incident has already been addressed and will not be addressed again."

On January 29, 2020, Allen filed his petition for judicial review of DPSC's rejection of ARP 3131. Allen alleged that DPSC improperly rejected ARP 3131 "so they wouldn't have to address the issues" contained within ARP 3131.

DPSC, through James M. LeBlanc, filed an answer denying Allen's allegations on November 4, 2020. DPSC alleged that Allen filed several different ARPs relating to his allegations against Lt. Gee. DPSC asserted that it had fully investigated Allen's allegations against Lt. Gee and found them to be meritless. DPSC further asserted that Allen refused to cooperate with the PREA investigation or provide any evidence to substantiate his allegations.

On February 7, 2022, the Commissioner of the 19th JDC[3] issued an order staying the matter for ninety days and remanding the matter to allow Allen to proceed through the ARP process. On August 24, 2022, DPSC filed a notice of compliance and its first step response to ARP 3131. In its first step response, DPSC pointed out that the two allegedly conflicting responses cited by Allen were

---

[2] Allen specifically refers to Lt. Col. Rosso's statement regarding ARP 1085 that "[a]fter a thorough investigation[,] it was found that [Allen's] claims were false[.]" Allen alleges that this statement conflicts with an ARP response prepared by Assistant Warden Shirly Coody, wherein she stated that "[i]nsufficient information was found to prove whether the incident did or did not occur." However, Assistant Warden Coody's statement was in response to a different ARP, ARP 0827.

[3] The office of the Commissioner of the 19th JDC was created by La. R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. The Commissioner's written findings and recommendations are submitted to a district judge, who may accept, reject, or modify them. *Hakim-El-Mumit v. Stalder*, 2003-2549 (La. App. 1 Cir. 10/29/04), 897 So.2d 112, 113 n. 1.

3

contained in two different ARPs, ARP Nos. 0827 and 1085, which involved different complaints and different findings. DPSC asserted that there were no conflicting responses because each response related to a different ARP containing different claims.

On December 13, 2022, the Commissioner issued an order staying the matter for fifteen days to allow DPSC to supplement the administrative record with a copy of its second step response to ARP 3131. On August 24, 2023, DPSC filed a notice of compliance and its second step response to ARP 3131, wherein it reiterated that the complained-of statements were from two separate grievances and that no evidence of misconduct had been found when Allen's sexual assault allegations were investigated.

On February 16, 2024, the Commissioner issued a report on Allen's petition for judicial review of ARP 3131. The Commissioner found that DPSC thoroughly investigated Allen's sexual assault allegations. The Commissioner further found that DPSC was not arbitrary, capricious, manifestly erroneous, or in violation of Allen's rights when it found the evidence in the record insufficient to warrant relief to Allen. Accordingly, the Commissioner recommended that Allen's petition for judicial review be dismissed with prejudice at Allen's cost due to Allen's failure to state a cause of action for which relief could be granted.

On March 14, 2024, the 19th JDC signed a judgment wherein it adopted the Commissioner's recommendation and dismissed Allen's petition for judicial review with prejudice for Allen's failure to state a cause of action for which relief could be granted. On April 12, 2024, the 19th JDC signed a second judgment, which again dismissed Allen's petition for judicial review but contained different language than the March 14, 2024 judgment.

On April 22, 2024, Allen appealed the March 14, 2024 judgment. On April 24, 2024, Allen was granted a devolutive appeal of the March 14, 2024 judgment

4

and the April 12, 2024 judgment. Allen primarily argues on appeal that the trial court erred in dismissing his petition for judicial review of ARP 3131.[4]

## STANDARD OF REVIEW

The procedures set forth in the Corrections Administrative Remedy Procedure provide the exclusive remedy available to inmates for receiving, hearing, and disposing of complaints and grievances that arise while the inmate is within the custody or under the supervision of DPSC, with appellate review first in the district court and then the court of appeal. La. R.S. 15:1171(B); La. R.S. 15:1177(A)(10); LAC 22:1.325; *Harper v. Louisiana Department of Public Safety & Corrections*, 2014-1320 (La. App. 1 Cir. 3/12/15), 166 So.3d 1078, 1080. Offenders may request administrative remedies to situations arising from policies, conditions, or events within the institution that affect them personally. LAC 22:1.325(F)(1); *Allen v. Louisiana Department of Public Safety & Corrections*, 2021-1238 (La. App. 1 Cir. 6/14/24), 2024 WL 2988979 at *2 (unreported).

Once an offender initiates the formal ARP process, the grievance is screened prior to being assigned to the first step in the two-step ARP process. LAC 22:1.325(I)(1). Through the screening process, the grievance is either accepted and processed or rejected for one of the reasons enumerated in LAC 22:1.325(I)(1)(c)(i)(a)-(l); *Allen v. Louisiana Department of Public Safety & Corrections*, 2020-0445 (La. App. 1 Cir. 2/19/21), 320 So.3d 1175, 1177. Although initially rejected, the Commissioner remanded this matter to DPSC to be considered on its merits.

---

[4] Allen also argues that he knows the trial court judge personally and that the trial court judge should have recused as a result. However, Allen failed to cite any law or authority or develop an argument in support of this assignment of error. All assignments of error and issues for review must be briefed, and the appellate court may consider as abandoned any assigned error or issue for review that has not been briefed. Uniform Rules Courts of Appeal 2-12.4(B)(4). Accordingly, we find this assignment of error to be abandoned. See *State v. Howard*, 2018-1296 (La. App. 1 Cir. 5/9/19), 2019 WL 2051800 at *3 (unreported).

On appellate review of a district court's judgment in a suit for judicial review under La. R.S. 15:1177, no deference is owed by the court of appeal to the factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal. As such, the *de novo* standard of review shall be applied. *Richard v. Louisiana Department of Public Safety & Corrections*, 2019-1501 (La. App. 1 Cir. 7/24/20), 309 So.3d 392, 396.

## DISCUSSION

Before addressing the merits of this appeal, we note that there are two judgments at issue – the March 14, 2024 judgment and the April 12, 2024 judgment. Although Allen specifically appealed the March 14, 2024 judgment, he was granted an appeal of both judgments.

The April 12, 2024 judgment includes additional language not contained within the March 14, 2024 judgment – namely, that the trial court "declines to rule on issues not presented in the petition for review and the administrative remedy request filed at the agency level." Further, the April 12, 2024 judgment does not include the March 14, 2024 judgment's language stating that Allen failed to state a cause of action for which relief could be granted. When a trial court substantively amends a judgment without recourse to the proper procedure, the amended judgment is an absolute nullity. When this court notices such an absolute nullity, we must vacate the judgment on our own motion. Thus, when a judgment has been improperly amended, the amending judgment is annulled and set aside, and the original judgment is reinstated. *Locke v. Madcon Corp.*, 2021-0382 (La. App. 1 Cir. 12/30/21), 340 So.3d 946, 949-50.

The March 14, 2024 judgment was signed by the trial court and appears to be a valid final judgment from which this appeal was taken. It is unclear from the record why the trial court then signed a second judgment in the matter, because the

6

record does not contain a motion to alter the judgment by either the trial court or one of the parties. Nevertheless, the April 12, 2024 judgment alters the substance of the first judgment in violation of La. Code Civ. P. art. 1951, which makes the April 12, 2024 judgment an absolute nullity.[5] Therefore, we find that the April 12, 2024 judgment is null and void, and we hereby vacate the April 12, 2024 judgment. See Mack v. Wiley, 2007-2344 (La. App. 1 Cir. 5/2/08), 991 So.2d 479, 486, writ denied, 2008-1181 (La. 9/19/08), 992 So.2d 932.

We now turn to Allen's appeal of the March 14, 2024 judgment. Allen primarily argues that the trial court erred in dismissing his petition for judicial review of ARP 3131, wherein he alleged that DPSC failed to investigate Allen's sexual assault allegations against Lt. Gee. However, the record indicates that DPSC did conduct a PREA investigation of Allen's sexual assault allegations. It appears that Allen refused to cooperate with this investigation, as he attended a related health screening on April 26, 2019, but refused to make a statement regarding his PREA complaint and refused a PREA assessment.

DPSC concluded that Allen's allegations were unsubstantiated. Allen then filed ARP 0827 in relation to his sexual assault allegations, which was denied at the first and second step. Although ARP 0827 is not at issue in the instant appeal, ARP 0827 and DPSC's responses to same demonstrate that Allen's sexual assault allegations were in fact investigated. Further, having reviewed the record, it is clear that the purportedly conflicting statements which caused Allen to file ARP 3131 do not conflict with one another; rather, the statements are responses to two

---

[5] Louisiana Code of Civil Procedure article 1951 provides:

> On motion of the court or any party, a final judgment may be amended at any time to alter the phraseology of the judgment or to correct deficiencies in the decretal language or errors of calculation. The judgment may be amended only after a hearing with notice to all parties, except that a hearing is not required if all parties consent or if the court or the party submitting the amended judgment certifies that it was provided to all parties at least five days before the amendment and that no opposition has been received. **A final judgment may not be amended under this Article to change its substance.** (Emphasis added.)

7

different ARPs (ARP 0827 and ARP 1085). Accordingly, we find that the district court's dismissal of ARP 3131 – wherein Allen alleged that his sexual assault allegations contained within ARP 0827 were not investigated – was not in error.[6]

**DECREE**

For the reasons set forth herein, we vacate the 19th Judicial District Court's April 12, 2024 judgment, which substantively changed the March 14, 2024 judgment. We affirm the 19th Judicial District Court's March 14, 2024 judgment dismissing Derrick Jerome Allen's petition for judicial review with prejudice. Costs of the appeal are assessed to Appellant, Derrick Jerome Allen.

**APRIL 12, 2024 JUDGMENT VACATED; MARCH 14, 2024 JUDGMENT AFFIRMED.**

---

[6] Allen further argues that the Commissioner ruled against him in retaliation for Allen challenging the constitutionality of the Commissioner's job in a different proceeding. Because we find that the trial court's March 14, 2024 judgment adopting the Commissioner's Report was proper, we decline to address Allen's claim that the Commissioner ruled against him in retaliation for him challenging the constitutionality of the Commissioner's position.

8