**NOT FOR PUBLICATION**

**STATE OF LOUISIANA**

**COURT OF APPEAL**

**FIRST CIRCUIT**

**2024 CA 0535**

DERRICK JEROME ALLEN

VERSUS

LOUISIANA DEPARTMENT OF
PUBLIC SAFETY AND CORRECTIONS

Judgment Rendered: **FEB 2 8 2025**

\* \* \* \* \* \*

On Appeal from the Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket No. 735240

Honorable Wilson E. Fields, Judge Presiding

\* \* \* \* \* \*

| | |
|---|---|
| Derrick Jerome Allen<br>Angie, Louisiana | Plaintiff/Appellant<br>Pro se |
| Jonathan R. Vining<br>Jericha Remondet<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellee<br>Louisiana Department of<br>Public Safety and Corrections |

\* \* \* \* \* \*

**BEFORE:  McCLENDON, C.J., LANIER AND BALFOUR, JJ.**

**McCLENDON, C.J.**

Derrick Jerome Allen, an inmate in the custody of the Louisiana Department of Public Safety and Corrections (Department), appeals the district court's judgment dismissing his petition for judicial review of Administrative Remedy Procedure (ARP) No. EHCC-2022-832 filed with the Department pursuant to LSA-R.S. 15:1177, *et seq.* For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

On December 2, 2022, Mr. Allen initiated a "Request for Emergency Administrative Remedy Procedure," alleging therein that he was diabetic and had not "been given [his] insulin shots since November 17, 2022[.]" He requested that he be given his insulin shots "A.S.A.P.," that the Department "investigate this incident and charge all at fault with malfeasance in office," that the nurse in charge "be relieved of her duties," and that he be awarded "a[n] unspecified amount of damages for being subject to cruel and unusual punishment."

In denying Mr. Allen's request for relief in the first step,[1] the respondent indicated, in part:

> EHCC Medical staff have reviewed your statement and medical record. There is no evidence to show that you have been denied appropriate treatment or access to treatment.
>
> Per medical staff and supported by your [medical] record, the allegations you make in your ARP petition are false. Your medical records including sick calls, medical visit notes and EMAR all show that you were seen by Medical on numerous occasions. It also shows that your insulin was appropriately administered. Staff denies any claim that your care was neglected.

The Secretary of the Department also determined that Mr. Allen's grievance lacked merit and in denying relief in the second step stated, in pertinent part:

> The medical staff has addressed your concerns in an appropriate manner and in accordance with DOC Health Care Policy. Per [the] Nurse ... you have not been ignored when requesting your insulin or to be seen by medical staff; you have received your insulin shots. There is no reason to doubt the credibility of this medical staff member nor the information provided in your medical records. Medical opinion is controlling. You have failed to provide any evidence to substantiate your allegations or that would cause us to believe otherwise. The care you have received as well as the

---

[1] Offenders must exhaust a two-step ARP before they can proceed with a suit in federal or state court. See LSA-R.S. 15:1176; LAC 22:I.325F(3)(a)(viii); **Collins v. Vanny**, 2014-0675 (La.App. 1 Cir. 1/15/15), 77 So.3d 70, 74.

2

care you will continue to receive from the medical staff is determined adequate for your health care concerns.

Following exhaustion of his administrative remedies as required by LSA-R.S. 15:1172, 15:1184, and 15:1191, Mr. Allen filed a petition for judicial review with the 19th Judicial District Court. Therein, he alleged that the Department failed to address all issues raised in his ARP. The matter was assigned to a Commissioner for evaluation.[2] The Commissioner, finding that Mr. Allen failed to provide any evidence to show that the final agency decision was arbitrary, capricious, or manifestly erroneous, recommended that the district court affirm the Department's decision and dismiss the appeal with prejudice. On March 15, 2024, the district court, adopting the Commissioner's recommendation, signed a judgment dismissing Mr. Allen's petition for judicial review with prejudice at his cost.

Mr. Allen has appealed the district court's judgment. He asserts that the district court erred when it adopted the Commissioner's recommendation and dismissed the action with prejudice at his cost. Mr. Allen also makes other unsubstantiated claims against the Commissioner, the district court judge, and the chief deputy clerk of court, which are outside of the scope of the instant appeal.[3] As such, our review is limited to the district court's judgment dismissing Mr. Allen's petition for judicial review.

## DISCUSSION

An offender aggrieved by an adverse decision rendered pursuant to any administrative remedy procedure can institute proceedings for judicial review by filing a petition for judicial review in the 19th Judicial District Court. LSA-R.S. 15:1177, **Campbell v. Louisiana Department of Public Safety and Corrections**, 2023-1097 (La.App. 1 Cir. 4/19/24), 389 So.3d 860, 863, writ denied, 2024-0649 (La. 9/17/24), 392

---

[2] The office of Commissioner of the 19th Judicial District Court was created by LSA-R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. **Englade v. Louisiana Department of Corrections**, 2021-0132 (La.App. 1 Cir. 12/30/21), 340 So.3d 952, 956-57, writ denied, 2022-00209 (La. 4/12/22), 336 So.3d 82. The Commissioner's written findings and recommendations are submitted to the trial court judge, who may accept, reject, or modify them. LSA-R.S. 13:713(C)(5); **Englade**, 340 So.3d at 957.

[3] For instance, Mr. Allen alleges that the Commissioner's recommendation was in retaliation for him seeking to declare the office of the Commissioner in the 19th JDC unconstitutional. Similarly, he alleges that the district court judge should have recused himself given that Mr. Allen filed a motion to recuse the district court judge in another case. However, no evidence of any of these ancillary matters appear in the underlying record. Moreover, we have no record of Mr. Allen filing a motion seeking to recuse either the Commissioner or the district court judge in this case.

So.3d 893. Louisiana Revised Statutes 15:1177 sets forth the applicable standard of review by the district court when reviewing the Department's administrative decisions, and review is confined to the administrative record. **Campbell**, 389 So.3d at 863. The district court may reverse or modify the administrative decision only if substantial rights of the appellant have been prejudiced because the administrative findings are: (1) in violation of constitutional or statutory provisions, (2) in excess of the statutory authority by the agency, (3) made upon unlawful procedure, (4) affected by other error of law, (5) arbitrary or capricious or characterized by abuse of discretion, or (6) manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record. LSA-R.S. 15:1177(A)(9); **Campbell**, 389 So.3d at 863. On review of the district court's judgment under LSA-R.S. 15:1177, the appellate court reviews the administrative record *de novo*, owing no deference to the factual findings or legal conclusions of the district court. **Campbell**, 389 So.3d at 863.

On appeal, Mr. Allen contends that he stated a valid claim in his petition for judicial review. Mr. Allen avers that he is diabetic and urges that he needs his insulin shots. Mr. Allen requests that this court "determine that the [district] court's ruling adopting the Commissioner's report and recommendation dismissing this action with prejudice at the appellee's cost ... was in error and wasn't sound and reasonable[.]"[4]

In connection with underlying petition for judicial review, the Department introduced the entire administrative record, which included Mr. Allen's medical records. As noted in the denial in the first step, "[t]here is no evidence [in the medical records] to show that [Mr. Allen] has been denied ... access to treatment." In addition to the response from a nurse wherein she indicated that Mr. Allen had been receiving his insulin shots, the medical records reflect that Mr. Allen had been seen on numerous occasions and that insulin had been administered. While Mr. Allen alleges that camera footage would show that he did not receive his insulin shots, Mr. Allen did not present any such

---

[4] We note that Mr. Allen also asserts that the record is incomplete. He contends that he timely filed a traversal to the Commissioner's recommendation, but the traversal does not appear in the record. See LSA-R.S. 13:713(C)(3). While there is no indication in the record that a traversal was filed in this matter, we note that Mr. Allen has not provided this court with a copy of the traversal. Additionally, as noted above, the district court's review was limited to the administrative record and any factual findings are reviewed *de novo* on appeal. Moreover, nothing precludes Mr. Allen from raising any arguments he purportedly raised in his traversal in the instant appeal.

4

evidence in the underlying proceedings. Moreover, the medical records reflect that Mr. Allen has received his insulin shots after filing the instant ARP.[5] Accordingly, Mr. Allen has failed to carry his burden of proof to show that the final agency decision was arbitrary, capricious, or manifestly erroneous pursuant to LSA-R.S. 15:1177(A)(5) and LSA-R.S. 15:1177(A)(6). See **Barnes v. Louisiana Department of Public Safety and Corrections**, 2004-0042 (La.App. 1 Cir. 9/20/24), --- So.3d ---, 2024 WL 4245564 at *2 ("The burden of proof in any civil administrative appeal is with the Petitioner.")

## CONCLUSION

For the foregoing reasons, we affirm the March 15, 2024 district court judgment dismissing with prejudice Derrick Jerome Allen's petition for judicial review of ARP No. EHCC-2022-832. Costs of this appeal are assessed against appellant, Derrick Jerome Allen.

**AFFIRMED.**

---

[5] Further, as noted in the Commissioner's report, on October 26, 2021, Mr. Allen indicated that he wanted to change his diet because he "does not want to be on insulin."